In the Matter of the Application of ALBERT J. WATSON and Others, Petitioners, to Review a Determination of JOSEPH D. McGOLD-RICK, Comptroller of the City of New York, Respondent, as to the Prevailing Rate of Wages of Motor Grader Operators Employed by the City of New York.

First Department, June 19, 1940.

*Cornelius Bregoff* of counsel [*Thomas F. McAndrews* and *S. Earl Levene*, attorneys], for the petitioners.

*Edward J. McGratty, Jr.*, of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

*Leonard M. Wallstein, Jr.*, of counsel [*Leonard M. Wallstein*, attorney], as *amicus curiœ*.

UNTERMYER, J.   The petitioners, employed by the city of New York as motor grader operators, contending that they were not receiving the prevailing rate of wages paid to persons in the same occupation in private employment within the city, instituted a proceeding before the comptroller of the city of New York for determination of their compensation under the provisions of section 220 of the Labor Law.

For the work which they perform, the petitioners are paid at the rate of seven dollars and fifty cents per day or approximately ninety-three and one-fourth cents per hour.   It is stipulated that the prevailing rate paid to motor grader operators in private employment (one dollar and twenty-five cents per hour for an eight-hour day and a forty-hour week) is higher than the rate at which the petitioners are paid.   It is further stipulated that those privately employed receive time and a half or double time for work in excess of eight hours a day, whereas the petitioners do not receive any additional pay for work in excess of eight hours.   These stipulations and the concession that the duties of motor grader operators in private employment are similar to the duties of those in the service of the city would seem to require a determination that the prevailing rate of wages to be paid to the petitioners shall be equivalent to one dollar and twenty-five cents per hour or ten dollars per day since the public policy which obligates private contractors to pay the prevailing rate of wages on public work applies equally to the city.   (*Matter of Gaston* v. *Taylor*, 274 N. Y. 359, 363; *McAvoy* v. *City of New York*, 52 App. Div. 485, 490; affd., 166 N. Y. 588.)

Acting in his judicial capacity under subdivision 8 of section 220, the comptroller dismissed the claims of the petitioners for lack of evidence that they receive less than the prevailing rate of wages paid to motor grader operators in private employment, holding that the latter are not properly comparable with city employees performing similar work.   The comptroller has sustained that contention on the theory that employees of private contractors are only intermittently employed whereas those in the service of the city enjoy permanency and continuity of employment, in addition to vacations with pay and substantial pension rights. He accordingly held that the per diem rate paid to those in private employment could not be accepted as the prevailing rate of wages applicable to city employees.

Although a substantial advantage inures to employees of the city who are employed during a greater number of days in each year than employees performing similar work for private contractors, we think that circumstance alone does not justify payment by the city of a lower rate of wage per day.   The statute (Labor

Law, § 220, subd. 3) provides that " The wages to be paid for a legal day's work * * * to laborers, workmen or mechanics * * * shall be not less than the prevailing rate of wages * * *." The Legislature had thus declared that the unit which shall determine the rate of pay is not an annual wage but " a legal day's work " for which the employer shall pay not less than the prevailing rate of wage. " Compensation, however fixed, which results in the payment of lower wages for a legal day's work is not in accordance with the statute." (*McNulty* v. *City of New York*, 238 N. Y. 29.) It follows that no distinction may be made between the rate of wage to be paid to workmen employed by the city and those employed by private contractors merely because those in the service of the city are employed for a greater number of days in each year.

Some consideration should, however, be given to benefits enjoyed by workmen in the service of the city which are not shared by workmen engaged on private work. Accordingly, we think the comptroller may properly consider the pension benefits and free vacations received by the petitioners. The petitioners receive each year three weeks' vacation with full pay and the benefit of membership in the New York City Employees' Retirement System, approximately one-half the cost of which is contributed by the city. These substantial benefits constitute, in a very real sense, compensation in addition to the per diem wage and should not be disregarded when comparing the rate of wage paid to those in the service of the city with the rate paid in private employment. (*Wood* v. *City of New York*, 274 N. Y. 155, 162.) The exclusion from consideration of such benefits would allow the petitioners more than the prevailing rate of wage.

The determination should be annulled, with twenty dollars costs and disbursements to the petitioners, and the proceeding remitted to the comptroller for determination in accordance with this opinion.

MARTIN, P. J., and CALLAHAN, J., concur; GLENNON and COHN, JJ., dissent and vote to confirm determination.

Determination annulled, with twenty dollars costs and disbursements to the petitioners, and the proceeding remitted to the comptroller of the city of New York for determination in accordance with opinion. Settle order on notice.