CLIFFORD L. ROBINSON et al., Plaintiffs, *v.* COUNTY OF BROOME et al., Defendants.

Supreme Court, Trial Term, Broome County, December 2, 1948.

*Hinman, Howard & Kattell* for plaintiffs.
*Charles P. O'Brien* for County of Broome, defendant.

*George R. Fearon* and *Robert J. Feinberg* for Town of Union, defendant.

SANTRY, J. This is an action brought by the plaintiffs as qualified taxpayers of Broome County, New York, on behalf of themselves and of all other taxpayers of said county, to perpetually restrain the defendants from taking any proceedings or acts in compliance with the provisions of chapter 197 of the Laws of 1930, chapter 595 of the Laws of 1936, chapter 619 of the Laws of 1940, and chapter 200 of the Laws of 1946, and for a judgment declaring said chapters 197 of the Laws of 1930, 595 of the Laws of 1936, 619 of the Laws of 1940, and 200 of the Laws of 1946, unconstitutional and void insofar as they purport to permit the Town of Union to withdraw from the Broome County public welfare unit, and insofar as section 75-a of the Social Welfare Law, as added by section 22 of chapter 200 of the Laws of 1946, purports to give to the said Town of Union the right to do so.

The case has been submitted on an agreed statement of facts. The pertinent portions of the several statutes involved here provide as follows:

Chapter 197 of the Laws of 1930 provides:

" AN ACT to amend the public welfare law, in relation to welfare responsibilities in certain towns in Broome county * * *.

" Section 1. Chapter five hundred sixty-five of the laws of nineteen hundred twenty-nine, entitled ' An act in relation to the public welfare, constituting chapter forty-two of the consolidated laws,' is hereby amended by adding a new section, to be section eleven-a, to read as follows:

" § 11-a. *Certain towns in Broome county.* The towns in Broome county which have a population of thirty thousand or more may, by resolution of the town board, elect to assume and have the responsibilities of a city in a county public welfare district as defined by section twenty-five of this chapter. The town public welfare officers, appointed by the town boards of such towns, which shall so elect, shall have the powers and duties of a city public welfare officer in relation to such responsibilities.

" § 2. This act shall take effect immediately."

Section 25 referred to in the foregoing is part of chapter 565 of the Laws of 1929, entitled, " AN ACT in relation to the public welfare, constituting chapter forty-two of the consolidated laws," and the part thereof pertinent here reads as follows: " 2. Unless otherwise determined by the board of supervisors as hereinafter provided, a city forming a part of

a county public welfare district shall be responsible for the expense of providing home relief and medical care given at home or in a hospital for any person having a settlement and residing in its territory except defective or physically handicapped children and children born out of wedlock.''

Chapter 595 of the Laws of 1936 provides:

'' Section 1. Section eleven-a of chapter five hundred sixty-five of the laws of nineteen hundred twenty-nine, entitled ' An act in relation to the public welfare, constituting chapter forty-two of the consolidated laws,' as added by chapter one hundred ninety-seven of the laws of nineteen hundred thirty, is hereby amended to read as follows:

'' § 11-a. *Certain towns in Broome county.* The towns in Broome county which have a population of thirty thousand or more may, by resolution of the town board, elect to assume and have the responsibilities of a city in a county public welfare district as defined by section twenty-five of this chapter. The town public welfare officers, appointed by the town boards of such towns which shall so elect, shall have the powers and duties of a city public welfare officer in relation to such responsibilities.

'' The provisions of this section shall give to each town in Broome county, which has a population of thirty thousand or more, the same right which is given to a city in subdivision two of section twenty-five of this chapter to assume powers and responsibilities with reference to public relief, including those pertaining to old age relief, home relief in all forms, hospital care, children cared for away from parents or home, and children born out of wedlock.

'' § 2. This act shall take effect immediately.''

Chapter 619 of the Laws of 1940 provides:

'' AN ACT relating to social welfare, amending the state charities law generally, and consolidating therein the provisions of the public welfare law with amendments  *  *  *.

'' Section 1. The title of chapter fifty-seven of the laws of nineteen hundred nine, entitled ' An act relating to state charities, constituting chapter fifty-five of the consolidated laws,' is hereby amended to read as follows:

'' An act relating to social welfare, constituting chapter fifty-five of the consolidated laws.  *  *  *

'' § 55. *Certain towns in Broome county.* 1. The towns in Broome county which have a population of thirty thousand or more may, by resolution of the town board, elect to assume and have the responsibilities of a city in a county public welfare

district as defined by section sixty-nine. The town public welfare officers, appointed by the town boards of such towns which shall so elect, shall have the powers and duties of a city public welfare officer in relation to such responsibilities.

" 2. The provisions of this section shall give to each town in Broome county, which has a population of thirty thousand or more, the same right which is given to a city in subdivision two of section sixty-nine of this chapter to assume powers and responsibilities with reference to public assistance and care, including those pertaining to old age assistance, home relief in all forms, hospital care, children cared for away from parents or home, and children born out of wedlock."

Subdivision 2 of section 69 referred to above, reads as follows: " 2. Unless otherwise determined by the board of supervisors as hereinafter provided, a city forming a part of a county public welfare district shall be responsible for the expense of providing home relief and medical care given at home or in a hospital for any person having a settlement and residing in its territory."

Chapter 200 of the Laws of 1946 provides:

" § 75-a. *Right of election of certain towns having the powers of a city in a county public welfare district.* 1. Each town having a population of fifty thousand or more according to the federal census taken in the year nineteen hundred forty, which has the powers of a city in a county public welfare district, may, by action of its legislative body, taken not later than November fifteenth, nineteen hundred forty-six, elect to constitute itself a town public welfare district and, in the event of such election, such town shall become and be constituted a town public welfare district on and after January first, nineteen hundred forty-seven, subject to all the provisions of this chapter relating to city public welfare districts and the provisions of this title shall not thereafter apply to such town. The public welfare official of said town shall be responsible for submitting to the state department the plan required by subdivision five of section seventy-seven of this chapter within the time limited therefor by such subdivision.

" 2. Each such town failing to make such election shall be subject to and shall comply with the provisions of this title otherwise applicable to towns having the powers of a city in a county public welfare district."

By a resolution of the town board adopted on the 21st day of May, 1930, the Town of Union elected to assume and have the

responsibilities of a city in a county public welfare district, pursuant to section 25 of the Public Welfare Law. By a resolution of the town board, adopted on the 17th day of August, 1932, the Town of Union elected to assume additional responsibility for the supervision, care and relief of indigent, handicapped and illegitimate children, and gave the public welfare officer of the town the powers and duties of a city public welfare officer in a public welfare district.

By a resolution of the town board adopted on the 17th day of July, 1946, the Town of Union elected to constitute itself a town welfare district and to be constituted and become a town public welfare district on and after January 1, 1947, pursuant to section 75-a of the Social Welfare Law, as added or amended by chapter 200 of the Laws of 1946, subject to all the provisions of said law. The resolution further provided that the town commissioner of public welfare submit to the State Department of Social Welfare the plan required by subdivision 5 of section 77 of the Social Welfare Law. It is conceded that said commissioner duly submitted such plan and that the same was approved by the State Department of Social Welfare. On August 5, 1946, said Town of Union presented the last-mentioned resolution to the Board of Supervisors of Broome County, and since that date said town has been acting as a separate welfare district functioning independently of the County of Broome.

It is conceded that at the time of the passage of chapter 200 of the Laws of 1946, said Town of Union was the only town within the State of New York then having a population of 50,000 or more which purported to have the powers of a city in a county public welfare district.

The plaintiffs contend that section 75-a, as added by chapter 200 of the laws of 1946, is unconstitutional and void because it is a special or local law and relates specially to one county only, and therefore its enactment was prohibited by article IX of the Constitution of the State of New York, which became operative on January 1, 1939. The portions of article IX of the Constitution which are pertinent here read as follows (§ 1): "(b) The legislature shall provide by law for the organization and government of counties. No law which shall be special or local in its terms or in its effect, or which shall relate specially to one county only, shall be enacted by the legislature unless (a) upon the request of the board of supervisors or other elective governing body of each county to be affected, or, in any county having an alternative form of government providing for an elective county executive officer, upon the request of the board of

supervisors or other elective governing body with the concurrence of such executive officer of each county to be affected; or (b) upon a certificate of necessity by the governor to the legislature reciting the facts of such necessity existing in the county to be affected and the concurrence of two-thirds of the members elected to each house of the legislature.''

It is conceded that section 75-a was adopted by the Legislature without a resolution of the Board of Supervisors of Broome County and without a certificate of necessity by the Governor.

The contention of the plaintiffs cannot be sustained. The provisions of section 75-a apply to every town in the State having a population of 50,000 or more and having the powers of a city in a county public welfare district. The law therefore is general in its application and available to all towns in the State which come within the limits of its classification. It is urged that because the Town of Union at the time of the enactment of the law was the only town in the State having the population and the powers of a city in a public welfare district required by the act, the law is therefore a local law, applicable to the Town of Union alone.

It has long been recognized by the courts that a law relating to a matter of State concern which applies to all localities in a class based on population may be a general law, although only a single locality may at the time of its enactment be eligible to receive its benefits. (*Matter of Church,* 92 N. Y. 1; *People* v. *Dunn,* 157 N. Y. 528; *Kittinger* v. *Buffalo Traction Co.,* 160 N. Y. 377; *St. John* v. *Andrews Inst. for Girls,* 191 N. Y. 254; *Sun Print. & Pub. Assn.* v. *Mayor of City of New York,* 152 N. Y. 257; *City of New York* v. *Fifth Ave. Coach Co.,* 237 App. Div. 383, affd. 262 N. Y. 481; *People* v. *Gerus,* 69 N. Y. S. 2d 283.) It is clear in the light of the decided cases that the limitation of this law to towns having a population of 50,000 or more does not make it a local law. Nor does the additional limitation that only a town which has the powers of a city in a county public welfare district bring about that result. Both of these limitations have a rational basis for the exercise of legislative discretion. There may be sound reasons why a town of 50,000 or more people would find it advisable to constitute itself a town public welfare district and administer its welfare activities under the standardized plan in use by city public welfare districts. It might be reasonable to limit the granting of such right to towns which have exercised the powers of a city welfare district and have gained experience in that type of welfare administration.

" The constitutionality of a statute is not determined by matters outside the statute, but by the statute itself." (*Kittinger* v. *Buffalo Traction Co.,* 160 N. Y. 377, 397.) Applying this rule to the statute under consideration it is clear that it is a general statute. The restrictions on its application are in general terms. The limitations and benefits apply to all localities in the class specified. The classifications are based on reasonable grounds and are not capricious. It is not a case where restriction is placed on restriction so as to produce by arbitrary selection a forced and unnatural classification. (*Matter of Henneberger,* 155 N. Y. 420; *Matter of Mayor of City of New York* [*Elm St.*], 246 N. Y. 72; *Stapleton* v. *Pinckney,* 182 Misc. 590, affd. 293 N. Y. 330.)

The question remains to be decided whether the Town of Union had the powers of a city in a county public welfare district, which was a necessary condition to bring it within the provisions of section 75-a, as added by chapter 200 of the Laws of 1946.

On May 21, 1930, the Town of Union, by appropriate resolution, elected to assume and have the responsibilities of a city in a county welfare district, pursuant to the provisions of chapter 197 of the Laws of 1930, which amended the Public Welfare Law and became section 11-a of that law. On August 17, 1932, said town, by resolution, elected to assume additional responsibility for the care and relief of indigent, handicapped and illegitimate children. The assumption of this responsibility was legalized by chapter 595 of the Laws of 1936, which amended section 11-a of the Public Welfare Law.

At the time of the adoption of these two amendments to the Public Welfare Law there was no constitutional prohibition against the enactment of this type of statute so far as the Town of Union or the County of Broome was concerned. It follows that pursuant to these two amendments and by virtue of the action taken by the Town of Union, this town acquired the powers of a city in a county public welfare district, and continued to have such powers at least, until the adoption of chapter 200 of the Laws of 1946. This does not seem to be seriously disputed by the plaintiffs.

The plaintiffs, however, contend that section 55, as added by chapter 619 of the Laws of 1940, is a local law, and that it relates to one county only, and therefore is unconstitutional and void under the provisions of article IX of the Constitution. The plaintiffs further contend that the Town of Union, from the time of the enactment of chapter 619 of the Laws of 1940 until it elected to come under the provisions of section 75-a of the Social

Welfare Law in 1946, was purporting to have the powers of a city in a county welfare district pursuant to said section 55, and as said section is unconstitutional, the town did not legally have such powers, and consequently was not and is not eligible to become a town public welfare district under the provisions of said section 75-a.

Chapter 619 of the Laws of 1940, as stated in its preamble, was an act relating to social welfare, amending the State Charities Law generally and consolidating therein the provisions of the Public Welfare Law, with amendments. Its purpose was to consolidate the State Charities Law and the Public Welfare Law into a single law which would contain those provisions of the old laws which were to be retained unchanged, and such amendments as might be adopted where changes were deemed advisable. In this process section 11-a of the Public Welfare Law, as amended by chapter 595 of the Laws of 1936, was taken, without change, modification or amendments, from the old law and transferred to the new consolidated law, where it became by renumbering, section 55 of such new statute. Section 55 contains the identical language of section 11-a except for changes in section numbers and in one instance by the use of synonomous and equivalent words to fit the provisions of the section into the framework of the consolidated statute.

When an amended statute re-enacts the provisions of a former law by the use of equivalent words the re-enactment will not be regarded as a new law, but as a continuation of the existence of the former law. This is the rule laid down by section 95 of the General Construction Law, and it is the rule specifically provided by subdivision 1 of section 485 of the Social Welfare Law itself for the interpretation of that law. The rule has likewise had the approval of the courts. (*Matter of Prime,* 136 N. Y. 347; *Matter of Allison* v. *Weldo,* 172 N. Y. 421, 431; *People* v. *Dwyer,* 215 N. Y. 46.) Moreover, when a statute is susceptible of two constructions, both equally reasonable, one of which would render it valid and the other invalid, the courts will hold the statute valid. (*People ex rel. Sinkler* v. *Terry,* 108 N. Y. 1.) Section 55 of chapter 619 of the Laws of 1940 is constitutional.

The Town of Union had acquired the powers of a city in a county public welfare district under statutes valid at the time of their enactment, and it continued to retain and exercise such powers under these same statutes continued in force after their incorporation in the Social Welfare Law. The town took no action with reference to its welfare status after the enactment of chapter 619 of the Laws of 1940, but continued its program

on the original basis. It, therefore, had the powers of a city in a county public welfare district at the time of the adoption of chapter 200 of the Laws of 1946, and was entitled to elect to constitute itself a town public welfare district under the provisions of that statute.

The plaintiffs' complaint should be dismissed, with costs.

Judgment is directed accordingly.