In the Matter of SALVATORE CANNIZZARO et al., Respondents, against LAZARUS JOSEPH, as Comptroller of the City of New York, et al., Appellants.

First Department, June 15, 1954.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Adrian P. Burke, Corporation Counsel,* attorney), for appellants.

*A. Bernard King* for respondents.

*Per Curiam.* The record establishes without contradiction through an affidavit of the administrative director of the New York State Department of Civil Service (1) that the resolution adopted June 27, 1950, amending rule VII of the Rules for the Classified Civil Service was to revise for promotion purposes the salary grades of positions in the service of the five counties of the City of New York; and (2) that the proposed salary range for the grades therein set forth " was not to fix the salaries of incumbents of such positions " but to permit employees whose temporary cost-of-living adjustments had been made permanent legally to receive such increases. The director also admitted that the power to fix the salaries of employees whose compensation is paid from the city treasury, unless otherwise provided by statute, " is vested in the Board of Estimate and the Director of the Budget of the City of New York." Irrespective of any such admission, the resolution of the State Civil Service Commission could not deprive the Board of Estimate of the express power and authority confided in it under section 67 of the New York City Charter

(*Matter of Tormey* v. *La Guardia,* 172 Misc. 1091, affd. 259 App. Div. 802, affd. 284 N. Y. 607).

In *Matter of Corrigan* v. *Joseph* (304 N. Y. 172) the sole issue was whether employees in graded positions could obtain fixation of wages by invoking the prevailing rate of wages formula; the salary fixing power of the Board of Estimate under section 67 was not in issue.

Section 67 of the New York City Charter vests in the Board of Estimate power to fix the salary of every person (other than day laborers) whose compensation is paid out of the city treasury unless it is otherwise specifically provided by Charter or statute. As to petitioners not employed in a Surrogate's Court, no statute exists which vests in some other body or officer the power to fix petitioners' salaries.

As to the three petitioners, Fachon, Caputo and Courtade, employed by the Surrogates of New York or Bronx County, the Surrogates have plenary power to fix the salaries of their employees and the petition does not allege that the Surrogates fixed the salaries at levels higher than that which they have been paid or that thereafter the Board of Estimate refused to make the legally required appropriations.

For the reasons stated, the petitions of all these petitioners must be dismissed.

The order appealed from should be reversed and the petition dismissed, with costs.

PECK, P. J., DORE, COHN, BASTOW and BOTEIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the petition dismissed, with costs.