Samuel M. Gold, J.
Ordinarily, only those who file verified complaints in the office of the comptroller are entitled (1) to compel the latter to investigate and determine the prevailing rate of wages and (2) to the retroactive benefits of the determination made by the comptroller. Those who fail to file verified complaints are, nevertheless, entitled to the benefits of the determination, prospectively, from the time it is made, it being a misdemeanor for a person or corporation not “ to pay the prevailing rate of wages so determined”. (Labor Law, § 220, subd. 9.)
The facts alleged in the causes of action sought to be dismissed are, however, most unusual. Although verified complaints were served by coplaintiffs and others beginning early in 1935, the Comptroller has never made a determination as to the prevailing wage rate. As long ago as May, 1937, the Court of Appeals granted an order of mandamus directing him to do so. (Matter of Gaston v. Taylor, 274 N. Y. 359.) A motion to punish him for contempt was withdrawn upon the comptroller’s agreement that he would investigate and hold hearings within a reasonable time. It was not until section 220 was amended in 1941 (L. 1941, ch. 656) to provide that a determination must be made within six months after the filing of a verified complaint, that hearings were commenced, only to be subsequently discontinued. Finally, in 1953, the city authorities entered into a settlement agreement with those who had filed verified complaints. In the meantime, *597 in May, 1952, the Court of Appeals (Matter of Corrigan v. Joseph, 304 N. Y. 172) had decided that a classification of the positions into a civil service salary grade deprived the occupants thereof of a right to demand that prevailing rate of wages after February 25,1943, the effective date of the classification. It thus appears that as the result of the comptroller’s refusal to perform the duty enjoined upon him, both by statute and by order of the Court of Appeals, and his breach of his agreement to do so, those who failed to file complaints, if the ordinary rule is followed, are left without any redress whatever. They may not obtain prospective benefits of a determination hereinafter made, since the positions have been classified into civil service grades as of February 25, 1943. They may not obtain retroactive benefits for the period prior to that date, because even if a determination were to be made, it would not apply retroactively to nonfilers.
In the court’s opinion, the unusual facts here present make the ordinary rule inapplicable. Though no nonfilers are parties to proceedings initiated by those who have filed complaints, they “may, if they choose, claim the benefit of a determination”. (Matter of Heaney v. McGoldrick, 286 N. Y. 38, 44.) It follows that plaintiffs Albanese and Ver rastro had a sufficient interest in the administrative proceedings which were pending in order to secure a determination of the prevailing wage rate, to entitle them to have the proceedings conducted with reasonable diligence, so that they might claim the benefits of any favorable determination made therein. It is unnecessary to decide, for the purposes of this motion, by what date the determinations should have been made in the proceedings above referred to, it being sufficient that the determinations should have been made at least sometime before February 25, 1943, particularly in view of the six months ’ limit fixed in the 1941 amendment, previously referred to. The court accordingly holds that the second cause of action is sufficient.
The first cause of action in which plaintiffs Albanese and Yerrastro seek the benefits of the settlement agreement, made only with and for the benefit of those who filed complaints, is, however, insufficient. The city authorities are under no obligation to extend the benefits of the agreement to nonfilers.
The motion is granted as to the first cause and denied as to the second, with leave to answer within 10 days from the service of a copy of this order with notice of entry.