George M. Fanelli, J.
In this article 78 CPLR proceeding petitioners seek to declare invalid a local law enacted by the City of Peekskill insofar as it relates to their residence requirements as policemen, and for incidental injunctive relief.
The material facts in this proceeding are undisputed.
Petitioners are three policemen in the City of Peekskill, all appointed prior to July 1,1961. At the time of their respective appointments they were residents of said city, although at the present time they reside outside said city but within the County of Westchester.
Local Law No. 3, effective October 15, 1964, under attack in this proceeding, requires among other things and insofar as here material, that all policemen of the City of Peekskill shall be bona fide legal residents thereof while holding such position. *257 It further provides that those policemen who do not reside in the city on said effective date (Oct. 15, 1964) shall have 90 days within which to become bona fide legal residents and that upon their failure to do so, they shall forfeit their positions and that such positions shall thereupon be deemed vacant. The local law further provides that within 30 days after its effective date and annually thereafter every policeman shall file with the Civil Service Commission a certificate setting forth his residence, address and a certificate that he is a bona fide legal resident of the city; that upon failure to so comply after certain grace periods, he shall likewise forfeit his position. Notwithstanding these residence provisions, the Mayor and 'Common Council may by a two-thirds vote of all its members have the power to waive such residence requirements upon a finding of the existence of certain conditions.
Petitioners contend that this local law is invalid, insofar as they are concerned, because it is inconsistent and conflicts with certain provisions of section 30 of the Public Officers Law. Subdivision 4 of this State statute in effect prior to the date Local Law No. 3 became effective, exempts policemen from residence requirements of local laws if certain conditions are found to exist, namely:
“ (1) If such person was appointed as a member of such police force prior to July first, nineteen hundred sixty-one, shall reside in any such county on such date and shall continue to reside in any such county after such date, or * * *
“ (3) If the police force of which he is a member consists of less than two hundred full-time members: provided, however, that the local legislative body of such political subdivision or municipal corporation having such police force shall have the power to adopt and amend local laws, ordinances or resolutions of general application requiring members of such police force, other than those members covered by paragraph one or paragraph two of this subdivision, to reside in such political subdivision or municipal corporation, or permitting them to reside in specified areas of such counties or within specified distances from the political subdivision or municipal corporation provided such local legislative body shall determine that a policeman may respond therefrom promptly and be available to render active service in such political subdivision or municipal corporation ” (emphasis supplied).
In the proceeding at bar it is undisputed that all three petitioners were duly and permanently appointed as patrolmen in the City of Peekskill well prior to July 1, 1961 and that they have continued to serve in such department since that date. A]1 *258 three petitioners resided in the City of Peekskill at the time of their respective appointments and all three continuously resided in Westchester County from the date of their respective appointments to date.
While respondents seem to concede that petitioners are entitled to the exemption provided in the afore-mentioned subdivision 4 of section 30 of the Public Officers Law and that the State Constitution generally forbids a local government from adopting a local law which is inconsistent with a general law, yet, they take the position that said subdivision is not only unconstitutional and void, but also, that it is not a general law. Such position, however, is untenable. “ A legislative enactment' carries with it a strong presumption of constitutionality, i.e., it is presumed to be supported by facts known to the Legislature [citing cases] ” (Lincoln Bldg. Assoc, v. Barr, 1 N Y 2d 413, 415). “ [N] othing but a clear violation of the Constitution will justify a court in overruling the legislative will. Every statute is presumed to be constitutional, and every intendment is in favor of its validity” (Matter of New York El. R. R. Co., 70 N. Y. 327, 342; Farrington v. Pinckney, 1 N Y 2d 74, 78; see, also, Kittinger v. Buffalo Traction Co., 160 N. Y. 377, 393-394; McKinney’s Cons. Laws of N. Y., Book 1, ¡Statutes, § 150).
The fact that subdivision 4 contains two classifications, i.e., police force of more than 200 members or police force of less than 200 (such as the City of Peekskill); or the fact that in the case of a force of less than 200 members a city can require bona fide legal residence requirements of all policemen except those appointed prior to July 1, 1961, whereas in the case of a police force with more than 200 members no residence requirements can be made regardless of the date of appointment, does not make it unconstitutional nor does it take away its characteristic of being general in nature. It has long been the settled law of this State that a general statute relating to a matter of State concern and applying to all localities having a given population, is not rendered “local” (Robinson v. County of Broome, 195 Misc. 24, affd. 276 App. Div. 69, affd. 301 N. Y. 524). An act need not apply to all persons, places or things in the State to be deemed general, if it apply to a class, and, the class constituted by the act may be based on population. Such a statute “ will be upheld, if conditions, because of * * * population, can be recognized as possibly common to a class and are reasonably related to the subject of the statute ” (Farrington v. Pinckney, 1 N Y 2d 74, 80-81). As Chief Judge Cowway pointed out in Farrington v. Pinckney (supra) it is not novel or unusual in our law to find statutes of our State which differentiate among *259 densely populated cities, middle-size cities and small cities. Thus, population is a proper basis for classification, and, consequently, a police force of more or less than 200 members can likewise constitute a justifiable criterion for the enactment of State statutes. Respondents have made no showing whatsoever that the Legislature in enacting subdivision 4 of section 30 of the Public Officers Law was not dealing with a matter of State concern or that a police force of 200 members had no reasonable relation to the subject matter of the statute.
This proceeding was not prematurely brought, as urged by respondents. The fact that petitioners were afforded 90 days after October 15,1964 to become bona fide legal residents of the City of Peekskill does not preclude them from attacking the validity of the local law prior thereto. Moreover, the magic date of January 15,1965 (90 days after the effective date of the local law) has come and gone, and, under the circumstances, the rights of these petitioners must be determined on the basis of the law as it exists today (cf. Strauss v. University of State of N. Y., 2 N Y 2d 464, 467 and cases cited therein).
Finally, respondents’ contention that an article 78 proceeding is not the appropriate remedy for the relief sought by petitioners, is found to be without merit. The Appellate Division, Second Department, in a recent decision in Matter of Policemen’s Benevolent Assn, of Westchester County v. Board of Trustees of Vil. of Croton-on-Eudson (21A D 2d 693) in dealing with a somewhat similar situation wherein petitioners there sought to declare invalid a local law of the Village of Crotonon-Hudson dealing with the appointment of special patrolmen, held that an article 78 proceeding, with injunctive relief, is a proper means for an attack on the constitutionality and validity of a local law. As the court there pointed out (p. 695): “ Cases holding that [article 78] proceedings cannot be invoked to review legislative acts are not here applicable, since petitioners do not question the propriety or the wisdom of the local law, but the power of the legislative body to enact it in the face of allegedly contrary provisions in the State Constitution and statutes ”.
Accordingly, in the light of the afore-mentioned, this court finds that Local Law No. 3 of 1964, enacted by the City of Peekskill and effective October 15, 1964, is invalid and unconstitutional insofar as these petitioners are concerned.