In the Matter of MORRIS WALDSTREICHER et al., on Behalf of All Others Similarly Situated, Petitioners, *v.* EDWIN G. MICHAELIAN, as County Executive of Westchester County, et al., Respondents.

Supreme Court, Westchester County, January 10, 1967.

*De Graff, Foy, Conway & Holt-Harris* for petitioners. *Gordon Miller, County Attorney,* for respondents. *Louis J. Lefkowitz, Attorney-General* (*Mark T. Walsh* and *Norman M. Beck* of counsel), for State of New York. *Samuel Blumenthal* for Westchester Chapter, National Assn. of Social Workers, *amicus curiæ.*

JOHN J. DILLON, J. This is an article 78 proceeding instituted by a group of social workers employed by the County of Westchester on behalf of themselves and all other persons similarly situated. The petitioners seek to compel the county to grant them a salary increase pursuant to section 79-a of the Social Welfare Law (L. 1965, ch. 400, eff. Jan. 1, 1966) which provides as follows:

" Section 1. The social welfare law is hereby amended, by adding thereto a new section, to be section seventy-nine-a, to read as follows:

" § 79-a. Higher salaries for case workers and other social service personnel having graduate training. Case workers and other social service personnel employed by a local welfare department who have suitable graduate training approved by the department shall be paid salaries which shall be higher than those paid to other employees thereof occupying positions of the same grade and title, in order to induce employees with such training to continue their employment with such department. Such case workers and other social service personnel who have one year of such graduate training shall be paid salaries which shall be at least ten percent higher than the salaries paid to such other employees who lack such graduate training, and those who have two years of such graduate training shall be paid salaries which shall be at least twenty percent higher than the salaries paid to such other employees who lack such training.

" § 2. The provisions of section seventy-nine-a of the social welfare law, as added by this act shall not be construed as providing an exclusive method or plan for inducing case workers and other social service personnel employed by a local welfare department who have suitable graduate training approved by the state department of social welfare to continue their employment with such local department.

\* \* \*

" Further, the provisions of such section shall be deemed to be inapplicable to any other local welfare department during any period there is in effect therein, with the approval of the state department of social welfare, any alternative plan covering case workers and other social service personnel employed by such

local department which the state department of social welfare has determined is satisfactory to achieve the objective of such section. In addition to provisions for higher salaries, such an alternative plan may include provisions for higher grades or titles for social service personnel having suitable graduate training approved by the state department of social welfare.

"§ 3. This act shall take effect January first, nineteen hundred sixty-six."

Numerous affirmative defenses have been interposed by the respondents, all of which attack the validity and constitutionality of the statute. The basic contentions are that the salary increase constitutes a job reclassification by legislative fiat rather than through a competitive civil service examination; that the statute infringes on the right of county home rule; that the statute constitutes a delegation of legislative power to the State Department of Social Welfare without prescribing adequate standards to guide and control the department in the exercise of such power; that the Department of Social Welfare has failed and refused to promulgate appropriate regulations and standards pursuant to section 18 of the Social Welfare Law under which an appropriate alternate plan can be properly evaluated; and finally, that an alternate incentive plan, as contemplated by the statute, has been in effect even prior to the enactment of the statute and that such plan satisfies the requirements of the statute.

The civil service rating system is based upon section 6 of article V of the Constitution which provides in part: "Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examination, which, as far as practicable, shall be competitive."

The Legislature has adopted the Civil Service Law to enforce this provision of the Constitution. Subdivision 9 of section 52 of that law provides: "Increase in salary as a promotion. * * * an increase in the salary or other compensation of any person holding an office or position within the scope of the rules in force hereunder, beyond the limit fixed for the grade in which such office or position is classified, shall be deemed a promotion." In *Matter of Corrigan* v. *Joseph* (304 N. Y. 172), the court in holding that the civil service salary scales were not superseded by section 220 of the Labor Law, said the following (page 183) : "If grading, in the pattern of civil service administration, is to be uprooted—imbedded, as it is, so deeply in the

public policy of this State — the change is one to be made by legislative action, not by the judicial process."

In the present case, the Legislature has acted. It has decided to confer a salary advantage upon these employees engaged in social welfare work who have " suitable graduate training." The court is of the opinion that the salary advantage provided for under section 79-a of the Social Welfare Law does not constitute a promotion within the meaning and intent of subdivision 9 of section 52 of the Civil Service Law; but even if it did, there is nothing in the Constitution which prohibits the Legislature from amending the Civil Service Law to the extent necessary to permit favored treatment to trained personnel. As a matter of fact, in 1964 when the Legislature (L. 1964, ch. 731) enacted section 79 of the Social Welfare Law fixing minimum salaries for local case workers, it stated that " the proper and efficient administration of public assistance and care requires competent qualified and trained personnel  *  *  *  that to attract and retain sufficient numbers of such personnel for employment in social service positions in the local welfare departments of the state it has become necessary to make provision for establishing minimum salaries therefor." In enacting section 79-a of the Social Welfare Law, the Legislature was merely extending the basic program previously initiated in order to attract and retain trained personnel in the employ of local welfare departments.

The respondents argue that the statute is too vague and indefinite in that the term " other social service personnel" could conceivably include for example " mail boys." The court will only observe that it would be an unusual phenomenon in this day and age to find a person employed as a " mail boy" who had " suitable graduate training." It is perfectly clear that the petitioners in this proceeding fall within the category of persons identified by the statute as entitled to receive higher salaries. When a " mail boy " claims a salary increment under section 79-a of the Social Welfare Law, his claim can be determined. There is no merit in the contention that the provisions relating to minimum increments are too vague. No computer is required to determine the minimum amount a qualified person would receive if his salary was raised by 10% or by 20%.

The respondents urge that the power to fix the salaries of employees of the Westchester County Welfare System is vested in the local county government and that section 79-a is in violation of the home rule provisions of the State Constitution. It is clear, as heretofore indicated, that the object of the statute is to attract and retain qualified persons in the employ of the local welfare departments throughout the State. The State Constitu-

tion expressly declares that public welfare and assistance '' are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner, and by such means, as the legislature may from time to time determine '' (art. XVII, § 1; see, also, art. XVII, § 3; art. VII, § 8). From the foregoing the conclusion is inescapable that salaries paid to employees of local welfare departments are a matter of State concern and that consequently the legislation in question is an exception to the home rule provisions (see *Bugeja* v. *City of New York,* 24 A D 2d 151, affd. 17 N Y 2d 606, and cases therein cited).

It is also claimed that section 79-a of the Social Welfare Law is a special law and not a general law, because it does not apply in the same manner to all counties; and that it is therefore void under article IX of the Constitution. In *Kittinger* v. *Buffalo Traction Co.* (160 N. Y. 377), the court stated at page 397 that: '' The constitutionality of a statute is not determined by matters outside of the statute, but from the statute itself.'' The statute on its face applies in like manner to all political subdivisions of the State, and does not arbitrarily single out a particular community and provide it with special treatment to the exclusion of other communities similarly situated (see *Robinson* v. *County of Broome,* 195 Misc. 24, affd. 276 App. Div. 69, affd. 301 N. Y. 524, and cases therein cited). Accordingly, the court determines that the statute in question is a general law.

The respondents argue that the petitioners are not eligible to receive any benefits under the new law until the State Department of Social Welfare, hereinafter referred to as the Department, enacts appropriate rules and regulations to implement the statute in accordance with section 18 of the Social Welfare Law. More specifically, it is contended that the statute contemplates that the Department will establish criteria for the purpose of accurately defining and identifying the class of employees entitled to receive benefits and criteria for passing upon the acceptability of an '' alternate plan '' and for defining the term '' approved graduate training.'' The court agrees that the statute contemplates that the Department will and should adopt appropriate rules and regulations with respect to the aforesaid matters. However, the court does not agree that the Department's failure to act and to implement the statute as the Legislature intended will result in a denial to qualified persons of the benefits provided for under the statute. The petitioners in this case are persons employed as social case workers and supervisors of case workers; as such they are the very persons whom the Legislature intended to benefit in enacting this legislation. The fact that the State Department of Social Welfare has not chosen

to implement the statute should not militate against the rights of these people. The court agrees that it might be difficult to determine whether certain classes of personnel employed by the Department are eligible to receive benefits under the statute, but the petitioners do not fall within any questionable category.

Finally, the petitioners allege that they have "suitable graduate training approved by the department," as required under the statute, and this allegation is denied by the respondents. Under the definitions contained in the Social Welfare Law, "Department means the state department of social welfare" (§ 2, subd. 1). However, "department" as it is used in the quoted portion of the statute obviously was intended to refer to the local rather than the State Department of Social Welfare. Accordingly, the court rejects the contention that the approval of "suitable graduate training" as required under the statute must be granted by the State rather than the local Department of Social Welfare.

The respondents also urge that no such approval can be forthcoming until the State Department of Social Welfare has first set up uniform standards and criteria as a guide to determine whether or not the employee has "suitable graduate training." The aforesaid term as used within the context of the statute is not so vague, indefinite and uncertain as to require further definition. Graduate training is obviously intended to mean training in an accredited graduate program by a person who has completed the requirements for and has been awarded a college degree. "Suitable," within the context of the statute, must be interpreted as meaning training in the specialized field of social work. The local Welfare Department should have no difficulty in determining whether a person meets the qualifications required under the statute without the necessity of the State Department of Social Welfare promulgating rules and regulations. As a matter of fact, the New York State Department of Civil Service, under date of December 24, 1965, forwarded a memorandum to the local Department of Welfare with respect to section 79-a of the Social Welfare Law, which was apparently prepared by the State Department of Social Welfare. That bulletin contains appropriate definitions of terms sufficient to enable the local Welfare Department to determine which employees are entitled to receive higher salaries under the statute.

The contention by the county that it has a satisfactory alternative plan in lieu of the higher salaries must be rejected. The statute expressly requires that the proposed alternative plan be submitted to the State Department of Social Welfare for approval. There is no evidence that any alternative plan has

ever been approved by the State Department. If the county has submitted a plan and the Department has either rejected it, or refused to act upon it, the county will have to seek redress by means of an appropriate proceeding under article 78 of the CPLR.

There is some confusion as to whether the county is raising an issue as to which of the petitioners have completed "suitable graduate training." The pleadings appear to raise an issue, but there are supporting affidavits submitted by the county which suggest that the county recognizes that at least some of the employees have completed "suitable graduate training." Accordingly, the court determines that the employees who have completed the necessary graduate training are entitled to the relief sought. If there is any issue between the parties as to whether any of the petitioners have completed such training, counsel are directed to communicate with the court to fix a date for a hearing to resolve this issue.