Carrollton A. Roberts, J.
This is an application by order to show cause for reargument of a petition by the Board of Supervisors of the County of Seneca for an article 78 review of certain actions by the State Department of Social Services and the State Board of Social Welfare. In a prior memorandum, this court, upon the first argument of this matter, concluded that the actions of the department, and the State Board of Social Welfare, were legislative in character and not subject to article 78 review and by reason thereof dismissed the petition of the Board of Supervisors of the County of Seneca. The petitioner was, however, given leave to commence whatever further action it might have for review or declaratory judgment and to introduce whatever additional proof was available to it. The show cause order applying for reargument includes certain exhibits which were not before this court on the first argument of this application. These exhibits mainly consist of certain regulations of the Department of Social Services which petitioner argues govern the disposition of this matter by the department and State Board of Social Welfare and which petitioner concludes demonstrate that the action sought to be reviewed was administrative, and not legislative as the court originally decided. By reason of the introduction of this additional material, the court was constrained to grant the motion for reargument and reargument proceeded forthwith.
Petitioner argues that the action of the department, and State Board of Social Welfare, in ruling Mr. Dombrowski unqualified for the position of Seneca County Commissioner of Social Services was an illegal act insofar as the only question before Mr. Olnick, the Rochester area Director of the State Department of Social Services, was whether the salary of Mr. Dombrowski would be reimbursed by the State to the county. Admitting the applicability of section 116 of the Social Services Law setting forth miTn'rrmm qualifications for a Commissioner of Social Services and the implementing provisions of section 17 and subdivision (c) thereof of the Social Services Law, petitioner nonetheless contends that the local representative of the Department of Social Services did not purport to act under these powers but rather was acting solely under a regulation relating to salary reimbursement. Petitioner further points out that the actions of the State Department of Social Services were accomplished without a hearing. In making this argument, however, the petitioner is not being entirely candid with this court since on the prior application and again on this reargument petitioner had submitted a typewritten statement by Richard S. Dombrowski which was annexed to the P.T.-42 payroll reim *50 bursement form submitted to the State Department of Social Services. Mr. Dombrowski’s statement began with the following language: “ The following will docuibent my four years of responsible full time paid experience in an administrative or management position where there was a responsibility for planning, directing and coordinating the work of a substantial staff working in several units or performing several separate functions in compliance with Chapter 98.72 in the Rules of the State Board of Social Welfare with regards to my appointment to Commissioner of Social Services in Seneca County, for a period of five years, in. accordance with Section 116 of the Social Services Law.” There was therefore absolutely no question that Mr. Dombrowski understood the so-called salary reimbursement application as including his certification pursuant to rule 98.72 of the State Board of Social Welfare (18 NYCRR 98.72). Moreover, it should be noted that the form in question, P.T.-42, is captioned with the following language: ‘ ‘ Requests for personnel approval, or notification of status change.” Whether or not it was so intended, the form was an application for a review pursuant to section 116 of the Social Services Law, particularly with respect to the minimum standards set forth in rule 98.72 of the State Board of Social Welfare.
Petitioner also argues that certain regulations annexed to its show cause order indicate that there is a right to judicial review of what are termed “ fair hearings ” by regulations enacted to implement the Social Services Law and that by reason of this fact petitioner has been denied a right to judicial review. These regulations, however, are by their express terms inapplicable to the instant situation insofar as rule 84.3 (18 NYCRR 84.3) states that only “ applicants for or recipients of aid to dependent children, aid to the aged, blind or disabled, medical assistance for needy persons, home relief or veterans assistance ” are entitled to “fair hearings” with their consequent judicial review. These regulations have nothing to do with the instant situation and their reservation in rule 84.16 (18 NYCRR 84.16) that the letter transmitting the decision should by “clear reference ” indicate “ availability of judicial review ” again is inapplicable to the case at bar.
Mr. Dombrowski has had a determination of his qualifications by the State Department of Social Services and th'e State Board of Social.Welfare; and further as was pointed out in this court’s prior memorandum, Mr. Dombrowski on June 17, 1968, in the company of the representatives of the Board of Supervisors of the County of Seneca, was given the statutory review hearing provided for in section 20 of the Social Services Law. Mr. *51 Olnick, the area Director of the Department of Social Services, informed Mr. Dombrowski by letter dated the 22d day of January, 1968, that his qualifications had been thoroughly reviewed and that it was the decision of the State Department of Social Services that he failed to meet the minimum qualifications for the position of local Commissioner of Social Services as set forth in rule 98.72. Specifically, Mr. Dombrowski was found not to have ‘ ‘ four years of responsible full-time paid experience in an administrative or management position, where there is a responsibility for planning, directing, and co-ordinating the work of a substantial staff working in several units or performing sevéral separate functions.” That letter continued that “ your experience as a claims-adjuster for Goulds Pumps, Inc., and department supervisor for Sylvania Electric Products, Inc., were supervisory positions and as such, do not constitute administrative or management positions as defined in the Board Buie in part quoted above. ’ ’ The resolution of the State Board of Social Welfare, adopted after the section 20 statutory hearing for the Board of Supervisors of the County of Seneca and Mr. Dombrowski, again set forth in conclusory form that Mr. Dombrowski failed to meet the minimum requirements of rule 98.72 of the Buies of the State Board of Social Welfare. Neither the Board of Supervisors nor Mr. Dombrowski was entitled to any further hearing pursuant to the terms of the Social Services Law. Insofar as the applicable provisions of the Social Services Law failed to provide that either the Commissioner or the board or the local area representative of the Department of Social Services must make findings after such determinations, no findings were necessary within the meaning of the statutory provisions in question. (Matter of Mid-Island Hosp. v. Wyman, 25 AD 2d 765, 767 [2d Dept., 1966].)
By electing to reargue the motion on additional papers but essentially on the same ground as previously asserted before this court, petitioner has availed itself of the permission given by this court’s prior memorandum to institute whatever further actions it may have and to introduce whatever additional proof was available to it. Admittedly, the papers before this court make clear that even the State Board of Social Welfare and the State Department of Social Services are unsure as to whether the acts sought to be reviewed are legislative or administrative. Thus paragraph 10 of the answer of respondents to the petition alleges that the Department of Social Services exercises administrative and executive powers and in paragraph 11 it is further alleged that the State Board of Social Welfare, the body vested with rule-making and regulatory powers, was not a party to *52 this proceeding. Further, respondents alleged in paragraphs 14 and 15 of the answer that ‘ ‘ the application of Board Rule 98.72 to the instant facts was made in the exercise of administrative discretion,” and further that “ the determination to disapprove the application of Richard S. Dombrowski is reasonable, made in good faith and is not arbitrary or capricious.” In addition, the letter of Mr. Olnick, informing Mr. Dombrowski that he had failed to meet the minimum qualifications set forth in rule 98.72, was couched in language indicating that Mr. Olnick might have considered his function as that of an administrative review. Notwithstanding the foregoing, this court is not persuaded that the disposition of the question of Mr. Dombrowski’s qualifications was an exercise of administrative discretion. Rule 98.72 provides that a candidate for the position in question must have — “ Four years of responsible full-time paid experience in an administrative or management position, where there is a responsibility for planning, directing, and co-ordinating the work of a substantial staff working in several units or performing several separate functions.” The standard set forth in the rule is sufficiently explicit to apprise an area Director of the Department of Social Services as to what qualifications were necessary without leaving the matter of the definition and determination of qualifications within his discretion. The biographical supplement to the P.T.-42 form submitted by Mr. Dombrowski states that from August of 1963 to January of 1966, a period of two and one-half years, he was employed as a claims adjuster for the Gould Pumps Inc. This position, despite the explanation by Mr. Dombrowski on his biographical data, does not in the opinion of this court constitute an administrative or management position within the contemplation of rule 98.72. In addition, the position of departmental supervisor occupied by Mr. Dombrowski from January of 1966 to January of 1968, a two-year period, at the Sylvania Electric Products Inc., appears to be only incidently an administrative or management position and primarily supervisory in nature. On these facts, Mr. Olnick in applying rule 98.72 could not exercise discretion insofar as the qualifications set forth by Mr. Dombrowski clearly appear inconsistent with the standard contained in the rule. (See 23 Carmody Wait 2d, New York Practice, § 145:22, particularly discussion of ministerial functions.)
Petitioner does not challenge the statutory basis for the enactment of rule 98.72 on the ground of unconstitutionality nor is any claim made that the statute is without rational basis or that rule 98.72 is vague or an improper delegation of legislative power. No argument therefore is made by petitioner that the *53 provisions in question are unconstitutional exercises of the State police power. Under the circumstances, and upon examination of the State Constitution (art. XVII, § 1) and the Social Services Law, it is the conclusion of this court that the qualifications of local commissioners of social services are a matter of State concern and that the statutory pattern enacted to implement these State policies are both constitutional and consistent with the home rule provisions of the State Constitution. (See Matter of Attoma v. State Dept. of Social Welfare, 26 A D 2d 12, 18 [4th Dept., 1966] and Matter of Waldstreicher v. Michaelian, 52 Misc 2d 711, 715 [Spec. Term, Westchester County, 1967].)
The issues have been clearly set forth in the papers before this court and this court is not persuaded that any further factual issues remain to be resolved by separate hearing in this matter. The court concedes the difficulty of classifying this action in terms of legislative or administrative character, but, in light of its analysis of the statute in the prior memorandum and in addition to its conclusion herein that there is no valid challenge to the promulgation of the rule in question or the enactment of its statutory basis and, further, that the application of that rule in the case at bar did not in any event involve an exercise of discretion, the petition must again be dismissed. This court cannot issue any injunction pendente lite prohibiting the State Department of Social Services from withholding State aid until the Board of Supervisors of the County of Seneca complies with the resolution of the Board of Social Welfare since the statute specifically reserves this right to the department. (See Matter of Albany Med. Center Hosp. v. Schreck, 49 Misc 2d 1011,1014 [Spec. Term, Albany County, 1966].)
This court, however, is not unmindful of the dire consequences which might befall many families in the County of Seneca in the event the department does suspend State aid payments. This court in the interests of justice and to prevent any hardship to the innocent recipients of State welfare assistance during the pendency of this proceeding could order the Board of Supervisors of the County of Seneca to suspend Mr. Dombrowski and to make an interim appointment to the position of Commissioner of Social Services for the county pending the final disposition of this matter. (State Board of Social Welfare v. City of Newburgh, 28 Misc 2d 539, 547.) This court hesitates to so order, because the Board of Supervisors should and no doubt will take this action if and when the department does suspend State aid payments.