John T. Casey, J.
The petitioner, Orville Favreau, has instituted an article 78 proceeding in which he seeks to set aside a determination of the respondent, the Industrial Commissioner of the State of New York.
Petitioner is an electrician and is employed by the Department of Correction. He has a graded position in the noncompetitive class of civil service. Petitioner filed a prevailing wage claim pursuant to section 220 of the Labor Law with the respondent. Thereafter, respondent held a hearing in which it was admitted that the petitioner was a graded employee in the noncompetitive class of civil service. Whereupon the respondent dismissed the claim on the ground that section 220 and the prevailing rate-of-wages formula and incidental remedial procedures provided therein were not applicable to a graded employee in the noncompetitive class. The petitioner now seeks to set aside that determination. The petitioner claims the respondent should have determined the prevailing wages due to him. The respondent *433 has submitted an answer in which he raises several objections, one of which is that petitioner cannot take advantage of section 220 of the Labor Law.
The actual question presented on this motion is whether the decision of the Court of Appeals in Matter of Corrigan v. Joseph (304 N. Y. 172) is controlling. In Corrigan the court considered: ‘ ‘ Whether municipal employees in graded positions in the competitive class of civil service may obtain fixation of their wages by invoking the prevailing rate-of-wages formula and incidental remedial procedure prescribed by section 220 of the Labor Law. ’ ’ (Id. p. 178, emphasis supplied.) The court, in a divided opinion, determined that such employees did not fall within section 220.
It is immediately apparent that there is a distinction between Corrigan and the instant case; Corrigan involved employees in graded service of the competitive class; the petitioner herein is in the graded service of the noncompetitive class. Whether the distinction removes the instant case from the ambit of Corrigan, however, is a separate question which requires an analysis of that decision.
Apparently, the petitioners in the Corrigan case were originally in the ungraded service of the noncompetitive class of civil service. They were, however, reclassified into the graded service of the competitive class and their wages were fixed at a maximum and a minimum level. Subsequent to their reclassification, they filed complaints with the Comptroller of the City of New York in accordance with the provisions of section 220 of the Labor Law. After hearings were held, the Comptroller dismissed the complaints on the ground that the complainants were not entitled to invoke section 220 of the Labor Law. The petitioners then instituted article 78 proceedings to set aside the dismissals. The Appellate Division confirmed the action of the Comptroller. The Court of Appeals, one Judge dissenting (Judge Ftjld), affirmed.
Petitioner herein contends the majority based their decision upon the fact that the Corrigan petitioners were in the competitive class. Respondent, on the other hand, maintains the fact that the Corrigan petitioners were graded was determinative. This court agrees with the respondent. Significantly, the majority in Corrigan noted (p. 183): “ If grading, in the pattern of civil service administration, is to be uprooted.— imbedded as it is, so deeply in the public policy of this State — the change is one to be made by legislative action, not by the judicial process.” Furthermore, Corrigan has been cited in several opinions in which the court, although not confronted with the problem presented by the instant case, indicated that the *434 determinative element in Corrigan was the fact that the petitioners were graded. (See Matter of Foy v. Schechter, 1 N Y 2d 604, 608, 615 [dissent] ; Matter of Golden v. Joseph, 307 N. Y. 62, 68; Matter of Yerry v. Goodsell, 4 A D 2d 395, 406, affd. 4 N Y 2d 999; Matter of Cannizzaro v. Joseph, 284 App. Div. 396, 398, affd. 308 N. Y. 828; Matter of Agesen v. Catherwood, 55 Misc 2d 744, 750, revd. on other grounds, 32 A D 2d 416; Matter of Waldstreicher v. Michaelian, 52 Misc 2d 711, 713; Guercio v. Gerosa, 12 Misc 2d 595, 597, mod. 8 A D 2d 250, affd. 8 N Y 2d 1104.)
Finally, although the benefits received by a member of the noncompetitive civil service class are not necessarily coextensive with the benefits received by a member of the competitive class of civil service, a member of the noncompetitive class does receive substantial benefits under the Civil Service Law. .(E.g., see Civil Service Law, § 75, subd. 1, par. [c].) The receipt of such benefits should not be ignored. (Cf. Matter of Watson v. McGoldrick, 260 App. Div. 77, 78-79, mod. and affd. as mod. 286 N. Y. 47.)
In light of the above, inasmuch as the petitioner is a graded employee, he is precluded by the decision in Corrigan (supra) from taking advantage of section 220 of the Labor Law. In reaching this decision, this court was well aware of the proposition that section 220 is to be liberally construed. (Bucci v. Village of Port Chester, 22 N Y 2d 195, 201.) Petition dismissed.