MAX RITTER, Respondent, v. STATE OF NEW YORK, Appellant. (Motion No. 2350.) — Appeal by the State from an order granting leave to file a claim against the State pursuant to subdivision 5 of section 10 of the Court of Claims Act. If the proposed claim does not state a valid cause of action the motion should not have been granted. (*Siegel* v. *State of New York*, 262 App. Div. 388.) Claimant seeks to recover the sum of $300, the alleged value of a ring stolen from claimant, and lost while in the custody of an assistant district attorney of the County of New York. The ring was held as evidence in connection with the prosecution of the thief. After the disposition of the criminal case claimant demanded the return of the ring and it could not be found, and this claim is based upon the negligence of the assistant district attorney. The question is whether the assistant district attorney was a State officer or employee for whose torts the State is liable, or a local officer or employee of the county. By statutory definition a District Attorney is a "local officer" and is not included within the definition of "state officer". (Public Officers Law, § 2.) A county is a municipal corporation. (County Law, § 3.) A District Attorney is elected by the People of one county only. His compensation is paid by one county only, and the exercise of his authority is limited to one county only. An assistant district attorney in New York County is appointed by and at pleasure removable by the District Attorney. His compensation is likewise paid by the county, and his authority is limited to the

county. While historically a District Attorney may have been considered a part of the judicial system of the State in connection with some of his duties and while in the performance of some of his official functions he may be acting on behalf of the People of the State, we do not think that an assistant district attorney having custody of some stolen property after the disposition of the case involving the property is acting as a State officer or employee for whose torts the State is liable. (*Fishbein* v. *State of New York*, 282 App. Div. 600.) Order reversed, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [204 Misc. 300.]