*61
 
 Chief Judge Desmond.
 

 Appellant’s claim against the State was, on motion in the Court of Claims, dismissed on the law as not stating a cause of action. The Appellate Division, Third Department, unanimously affirmed without opinion and we granted claimant leave to appeal. The claim alleges that claimant suffered damage when an Assistant District Attorney of New York County tortiously presented false information to a Grand Jury and to a trial jury, resulting in an unlawful conviction which was later set aside in
 
 coram nobis
 
 proceedings. The State is sued on the theory of
 
 respondeat superior
 
 — that is, that the assistant prosecutor was acting as an agent of the State.
 

 Appellant’s theory that an Assistant District Attorney is a State officer collides head on with section 2 of the Public Officers Law which defines “ state officer ” and
 
 “
 
 local officer ”.
 
 “
 
 State officer ’ ’ in that section is defined by listing all those who are to be so considered and it does not include prosecutors. Then, in the same section, the term
 
 ‘1
 
 local officer ’ ’ is stated to include every other officer elected by the voters of a part of the State, also every officer of a political subdivision or municipal corporation (a county is a municipal corporation, County Law, §3) and every officer limited in the execution of his official functions to a part only of the State. To call an Assistant District Attorney a State officer would be impossible under the terms of that statute and appellant so concedes in his brief.
 

 A modern case cited for affirmance is
 
 Ritter
 
 v.
 
 State of New York
 
 (283 App. Div. 833 [3d Dept.]) where the State was sued because an Assistant District Attorney of New York County had lost a ring which he had in his custody as evidence in a criminal cause. The
 
 Ritter
 
 opinion cites section 2 of the Public Officers Law
 
 (supra)
 
 and points out that under section 3 of the County Law a county is a municipal corporation, that a District Attorney is elected by the voters of one county only, that his authority is limited to that one county and his salary is paid by the county. As the Appellate Division said in the
 
 Ritter
 
 case, the District Attorney is in a sense part of the judicial system of the State and prosecutes criminal causes in the name of the People of the State but he does not act as a State officer or employee in any such sense as would make the State liable for his wrongdoing.
 

 
 *62
 
 Until early in the 19th century the prosecution of crime in this State was a duty of the Attorney-General, somewhat like the English system, and at that time the State was divided into districts in each of which there was a prosecutor, hence the name “District Attorney” (see Report of 1938 Constitutional Convention Committee, Vol. VIII, p. 352). Later, by statute, each county was given an appointed District Attorney (L. 1818, ch. 283; and see N. Y. Const. [1821], art. IV, § 9, providing for appointment by County Court). However, all that ended when the 1846 Constitution (see art. X, § 1) directed that the District Attorney should be chosen by the electors of the respective counties. At later constitutional conventions there have been unsuccessful efforts to return to the State-wide system.
 

 For many years there have been statutes making it the duty of the District Attorney to conduct all criminal prosecutions in the county (see present County Law, § 700, and Revised Statutes described in
 
 People
 
 v.
 
 Lytle,
 
 7 App. Div. 553).
 

 There are some Federal cases (for instance,
 
 Spielman Motor Co.
 
 v.
 
 Dodge,
 
 295 U. S. 89) holding that District Attorneys in New York State are “ state officers ” within the meaning of section 266 of the United States Judicial Code which sets up three-Judge Federal courts to pass on applications for injunctions restraining on the ground of unconstitutionality State officers from enforcing State statutes. The
 
 Spielman
 
 case, citing a number of New York authorities, held that our District Attorneys are “ State officers ” within the meaning of the Federal statute since they are performing State functions in enforcing State statutes even though they are ‘‘ local officers ’ ’ under our Public Officers Law. The rationale of the
 
 Spielman
 
 decision is that a prosecuting attorney in New York, enforcing State statutes, is acting for the entire State even though he is a local officer for other purposes. As it seems to us, these Federal eases merely say that “ State officers ” in the Federal Judicial Code section mean people who are enforcing State laws as distinguished from local laws. Even if these Federal decisions were binding on us, it would be a far jump from them to a conclusion that the State as such is liable in damages for the torts of county prosecuting officers, each of whom serves in and for a particular county, is paid by that county and elected by its voters and has no authority outside his county.
 

 
 *63
 
 Appellant points out that the Attorney-General, in a recent opinion (see N. Y. L. J., March 30,1961, p. 1, col. 6), stated that for purpose of eligibility to participate in the State health insurance plan District Attorneys and their assistants are ‘
 
 ‘
 
 in the service of the state But here, again, the question was as to the meaning and application of special statutory language.
 

 We, of course, do not take up herein any question as to what branch of government would be liable for torts of the Attorney-General or his deputies in situations where those officers conduct criminal prosecutions.
 

 The judgment should be affirmed, with costs.
 

 Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
 

 Judgment affirmed.