William FISHER, Plaintiff,

v.

The CITY OF NEW YORK, Defendant.

United States District Court
S. D. New York.

Sept. 20, 1962.

William B. Moore, New York City, for plaintiff.

Leo Larkin, Corp. Council for City of New York, New York City, for defendant.

BONSAL, District Judge.

On June 20, 1962 the plaintiff, William Fisher, filed a complaint in this Court against The City of New York, seeking damages for his alleged wrongful conviction in the Court of General Sessions of New York County and his subsequent eleven-year incarceration. The complaint alleges jurisdiction in this Court under 28 U.S.C. § 1343 which plaintiff contends authorizes his claim against the City for damages for deprivation of liberty without due process of law in violation of § 1 of the Fourteenth Amendment to the Constitution of the United States.

The defendant, The City of New York, moves pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C. for dismissal of the complaint for failure to state a claim against the defendant upon which relief can be granted. For the purposes of this motion, the facts alleged in the complaint must be accepted as true. In 1933 the plaintiff was convicted by a jury in the Court of General Sessions, New York County, of the crime of first degree manslaughter. He was sentenced to serve a term of not less than 15 years nor more than 30 years. In October 1944 he was released on parole. Following his release plaintiff moved, in the Court of General Sessions, for an order vacating his conviction. This motion was denied, but upon appeal the New York Court of Appeals reversed and remanded for a hearing. Following the hearing, plaintiff's motion was granted by the Court of General Sessions and his conviction vacated on the grounds that it was improper because of deprivation at his trial of his constitutional right of due process of law. On December 24, 1958 the original indictment was dismissed with the consent of the District Attorney of New York County. Following the dismissal of the indictment, plaintiff, on January 8, 1959, filed a claim for compensation against the State of New York pursuant to § 8 of the New York Court of Claims Act. His claim was dismissed by the Court of Claims on August 4, 1959, which decision was affirmed by the Court of Appeals of New York on June 6, 1961. The Court of Appeals held that

a District Attorney is not a State officer, but a local officer elected by the voters of a single county, and that "he does not act as a State officer or employee in any such sense as would make the State liable for his wrongdoing." Fisher v. State, 10 N.Y.2d 60, 61, 217 N.Y.S.2d 52, 53, 176 N.E.2d 72, 73 (1961).

Thereafter, the Legislature of the State of New York passed an Act authorizing the New York Supreme Court to take jurisdiction to hear and determine the claim of the plaintiff against the City of New York. This Act was vetoed by the Governor on April 24, 1962. The Governor's memorandum which accompanied the veto included the following statement:

"In urging disapproval of the present Bill, the Mayor of the City of New York reaches a similar conclusion that on the facts and circumstances of this case there is no moral or legal obligation on the part of the City to compensate the claimant."

The plaintiff, believing he had exhausted his State remedies, then instituted action in this Court. The defendant City of New York moves to dismiss as aforesaid and argues that the Statute of Limitations for presenting the claim against the City has long since run. The City relies on § 50–e of the General Municipal Law of New York under which claimants are required to file notice with the City within 90 days after the date on which the claim arose. Both parties agree that plaintiff's claim accrued on December 24, 1958 when the indictment against him was dismissed.

Plaintiff did not file a notice of claim against the City within the 90-day period because he was proceeding against the State, believing that the prosecution of an indictment in the name of "The People of the State of New York" was a responsibility of the State even though the prosecution was carried out by a County Officer, namely the District Attorney for the County of New York. It was not until June 6, 1961 that the Court of Appeals ruled that he had sued the wrong party. (Fisher v. State, supra.)

On the facts stated, it seems most unfortunate that this plaintiff, having been once denied due process and serving eleven years in the penitentiary as a result, cannot be provided a forum in which to assert his claim for compensation for his detention. The Court therefore regrets that the Governor vetoed the Bill for plaintiff's relief which had passed both Houses of the Legislature. However, while the Court may have sympathy for the plaintiff in his difficulty, it is necessarily bound by the Federal law and has reluctantly concluded that this Court has no jurisdiction to entertain this action.

Plaintiff has sought his remedy solely against the City of New York, a municipal corporation, and has named no others as defendants. The plaintiff's action is based on 28 U.S.C. § 1343(3), which section provides the jurisdictional basis for claims under 42 U.S.C.A. § 1983 (R.S. § 1979). See generally Note, The Proper Scope of the Civil Rights Acts, 66 Harv.L.Rev. 1285 (1953). Section 1983 provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

In the recent decision in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961) the Supreme Court held in an action brought under 28 U.S.C. § 1343 and 42 U.S.C.A. § 1983 that "Congress did not undertake to bring municipal corporations within the ambit of [§ 1983]", as they are not persons as that term is used in the statute. 365 U.S. at 187, 81 S.Ct. at 484. The Court

thereupon affirmed the dismissal of the complaint against the City of Chicago, but allowed it to stand against the other named individual defendants.

Later in the same term in another action under § 1983, the Court in a *per curiam* decision, Egan v. City of Aurora, et al., 365 U.S. 514, 81 S.Ct. 684, 5 L. Ed.2d 741 (1961), affirmed the dismissal of the complaint against the City, citing Monroe v. Pape, supra, as controlling. However, as to the individual defendants the Court vacated the dismissal and remanded to the lower court.

This Court is bound by these decisions of the Supreme Court and must dismiss the complaint against the City of New York. In view of the foregoing, the Court does not reach the question of the applicable Statute of Limitations.

The motion of the defendant The City of New York is granted and the complaint is dismissed for lack of jurisdiction.

So Ordered.