■ GEORGE WHITMORE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 59421.)—Appeal from an order of the Court of Claims, entered February 19, 1976, which granted a motion to dismiss the claim. This claim was filed against the State for having, through its agents, servants, officers and employees, including members of the District Attorneys'·offices in New York and Kings Counties, falsely arrested, imprisoned and maliciously prosecuted claimant for three homicides and one assault and attempted rape, all allegedly committed during 1963 and 1964. Claimant contends, in

the brief submitted with this appeal, that he "was imprisoned for approximately four years and otherwise continuously restrained and detained while being forced to undergo four public trials, two public hearings and extensive legal proceedings, appeals, writs and applications which were the direct result of the wrongful and fraudulent actions of various members of the Police Department and District Attorneys' Offices in Kings and New York Counties". The only issues presented are (1) whether the State of New York is responsible for alleged tortious acts committed by the District Attorneys' offices in New York and Kings Counties and by members of the New York City Police Department and (2) whether the Court of Claims has jurisdiction to determine that the City of New York is a responsible party defendant. The Court of Claims answered both questions in the negative and we agree. The rule that an Assistant District Attorney is not a State officer for whose tortious acts the State may be held liable, but is rather a local officer for whose torts the State is not responsible, is so well established that no discussion is necessary *(Fisher v State of New York,* 10 NY2d 60; *Ritter v State of New York,* 283 App Div 833; *Fishbein v State of New York,* 282 App Div 600; Public Officers Law, § 2). The reasoning of the above-cited cases, and the interpretation of section 2 of the Public Officers Law contained therein, is similarly applicable to the question of the liability of the State for the acts of the New York City police officers complained of by the claimant. "The members of the police department * * * in every city have generally been regarded as local officers because of the source of their appointment and the local limitation of their powers" *(Fishbein v State of New York, supra,* p 603). Claimant's contention that this court should determine that the City of New York is a responsible party defendant is also without merit. The city is not a party to this proceeding and, in any event, the Court of Claims has no jurisdiction over the City of New York (NY Const, art VI, § 9; Court of Claims Act, § 9). Order affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.