*325 OPINION OF THE COURT
Gerard M. Weisberg, J.
The State has moved to dismiss this claim contending that it is jurisdictionally defective, that it is untimely and that it fails to state a cause of action. (CPLR 3211, subd [a], pars 2, 5, 7.) Claimant appearing pro se has filed a petition to transfer the claim to the United States District Court for the Eastern District of New York, to be joined with an action presently pending in that court. This petition is brought under the supposed authority of section 1506 of title 28 of the United States Code.
The claim is for false arrest, false imprisonment, malicious prosecution and deprivation of civil rights, arising out of Mr. Murph’s arrest, indictment and acquittal of the charge of criminal sale of a controlled substance in the third degree. The liability of the State is predicated on the allegedly tortious conduct of three Justices of the New York State Supreme Court, a District Attorney, an Assistant District Attorney, five New York City police officers and two attorneys. The question is whether the State can be cast in damages because of the tortious acts of any of these persons.
Claimant’s cause of action is absolutely barred insofar as it is premised on the conduct of Supreme Court Justices since their judicial acts are cloaked with immunity. The vicissitudes of this doctrine were recently considered by the United States Supreme Court in Stump v Sparkman (435 US 349). In that case, the mother of an allegedly retarded 15-year-old girl petitioned a Judge of the Indiana Circuit Court for an order permitting the child’s sterilization. Though no authority existed in Indiana specifically authorizing such a procedure, the petition was granted and the operation performed — the child having been told that she would receive an appendectomy. The daughter later married, and after having discovered her sterility, she and her husband filed suit in the United States District Court under section 1983 of title 42 of the United States Code, naming Judge Stump as a party defendant.
The court’s decision reiterated a rule previously enunciated in Bradley v Fisher (13 Wall 335) that Judges of courts possessing superior or general jurisdiction are immune from civil liability for their judicial acts even though such acts are in excess of their authority or are alleged to have been done maliciously or corruptly, provided that liability may ensue only where a Judge acts in "the clear absence of all jurisdic *326 tion”. (Bradley v Fisher, supra, p 351.) The New York authorities are in agreement with this position. (Koeppe v City of Hudson, 276 App Div 443; Jameison v State of New York, 7 AD2d 944; Rossman v State of New York, 40 AD2d 1046; Virtu Boutique v Job’s Lane Candle Shop, 51 AD2d 813; Word v City of Mount Vernon, 65 AD2d 622.)
It follows inescapably from this analysis that the State of New York can never be liable for the acts of its Judges. Supreme Court Justices are classified as "state officers” under section 2 of the Public Officers Law, and the State’s liability in tort is limited to "torts of its officers or employees while acting as such officers or employees’’. (Court of Claims Act, § 9.) (Emphasis added.) The cloak of immunity as defined by the Supreme Court of the United States extends precisely to the boundary where a Judge sheds his judicial robes in the figurative sense, and becomes a private citizen. It is at this same boundary that the State’s liability begins and ends. Thus, torts committed by a Judge in a nonofficial capacity are not attributable to the State while, conversely, a Judge’s official, i.e., judicial acts, are shielded by immunity, and similarly cannot give rise to State liability. (Court of Claims Act, §9.)
Turning now to the remaining parties, District Attorneys, and by implication, Assistant District Attorneys are classified as "local officers”, as are municipal police officers. (Public Officers Law, § 2.) Such liability as may exist for their acts devolves upon the governmental subdivision which employs them, in this case the City of New York. (Fisher v State of New York, 10 NY2d 60; Whitmore v State of New York, 55 AD2d 745; McCarthy v City of Saratoga Springs, 269 App Div 469.) As for Mr. Murph’s defense attorneys, no relationship to the State has been alleged which would render the latter responsible for their acts. Consequently, the claim fails to state a cause of action and is hereby dismissed. (CPLR 3211, subd [a], par 7.)
Mr. Murph’s petition to transfer the claim to the United States District Court, pursuant to section 1506 of title 28 of the United States Code, is defective in several respects. The Federal statute relied upon authorizes the United States Court of Claims to transfer cases mistakenly brought to it to the District Court, where jurisdiction resides exclusively in the latter, such as in admiralty cases. (New Orleans Stevedoring Co. v United States, 439 F2d 89; Alaska Barge & Transp. v *327 United States, 373 F2d 967.) This statute’s reference to the "Court of Claims” refers solely to the United States Court of Claims and not to the New York State Court of Claims. Moreover, transfer or removal of a cause of action for damages against the State of New York to a Federal court is barred by the Eleventh Amendment to the United States Constitution. This amendment provides in substance that the Federal courts may not entertain jurisdiction over damage claims against the sovereign States which are brought by citizens of the same or other States. (Fitts v McGhee, 172 US 516; Hans v Louisiana, 134 US 1; Matter of Ayers, 123 US 443; Duverney v State of New York, 96 Misc 2d 898.) Accordingly, claimant’s petition is denied.