OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant has moved this court for an order pursuant to CPLR 2221 granting “a hearing as to its prior order dismissing petitioners [sic] claim”. The motion is predicated upon a decision of the United States Supreme Court rendered after this court’s order and, accordingly, we deem this a motion for reargument. (Mosca v Pensky, 41 AD2d 775.)
Mr. Murph filed a claim for false arrest, false imprisonment, malicious prosecution and deprivation of civil rights, arising out of his arrest, indictment and acquittal of the charge of criminal sale of a controlled substance in the third *687 degree. The State’s liability was based upon the allegedly tortious conduct of three Justices of the New York State Supreme Court, a District Attorney, an Assistant District Attorney, five New York City police officers and two attorneys. By order and opinion dated February 8,1979 (Murph v State of New York, 98 Misc 2d 324), the State’s motion for dismissal was granted on the theory that (1) the judicial acts of Supreme Court Justices are cloaked with immunity (Stump v Sparkman, 435 US 349), (2) that any non judicial acts by Supreme Court Justices would perforce extend beyond the limits of the State’s waiver of sovereign immunity (Court of Claims Act, § 9), (3) that District Attorneys, Assistant District Attorneys and municipal police officers are not employees or officers of the State (Fisher v State of New York, 10 NY2d 60), and (4) that claimant’s defense attorneys were not shown to have any relationship to the State which would render the latter responsible for their acts. Claimant filed a notice of appeal with respect to the court’s order of dismissal.
The present application is based upon Ferri v Ackerman (444 US 193), which it is alleged would necessitate a contrary disposition. The issue presented in Ferri was whether a court-appointed attorney was entitled to immunity from suit for malpractice. Reasoning that the role of court-appointed counsel was essentially different from that of Judges and District Attorneys, the court held that attorneys were not immune from suit for malpractice by virtue of their having been appointed by the court. It is thus apparent that Ferri does not require a different result from that previously reached by this court, and, in fact, supports our prior reasoning. It must be understood that the Court of Claims has limited jurisdiction* and, with a few exceptions, the only entity which may be á party defendant in this court is the State of New York. Persons, such as attorneys, Judges, police officers, District Attorneys and any other individual parties cannot be sued in this court. To the extent that they can be held personally liable, suit must be *688 brought in courts possessing appropriate subject matter jurisdiction, such as the Supreme Court.
The issue posed by Mr. Murph’s claim is whether the State may be held liable for the acts of any of the persons whom it is alleged acted wrongfully. With respect to his defense attorneys, the threshold question is whether they were State officers or employees. In Ferri, the Supreme Court of the United States took the position that court-appointed defense attorneys, were not immune in their individual capacities, inter alla, because they were not acting primarily as public officers. We therefore reiterate that no relationship to the State has been shown here which would render it liable for the acts of claimant’s attorneys. Accordingly, no grounds for reargument have been stated and the motion is denied.

 As to the scope of the jurisdiction of the Court of Claims, see, generally, McNamara, The Court of Claims: Its Development and Present Role in the Unified Court System (40 St John’s L Rev, pp 1, 14 et seq.).