OPINION OF THE COURT
Andrew V. Siracuse, J.
This article 78 proceeding was brought by James R. Harvey, District Attorney of the County of Ontario, to compel the County of Ontario to pay him the compensation as established by sections 183-a and 221-d of the Judiciary Law. Section 183-a of the Judiciary Law requires Ontario County to pay its District Attorney a salary equivalent to that of the County Court Judge for Ontario County.[1] Under *198 section 221-d of the Judiciary Law the County Court Judge’s salary is increased annually. The county has refused to pay the salary demanded by the petitioner on the ground that petitioner is a local officer whose salary cannot be set by the State except by general law. It is the county’s position that section 183-a of the Judiciary Law is a special, not a general, law. In the alternative, the county contends that if the petitioner is deemed to be a State officer, section 7 of article XIII of the New York State Constitution would prohibit the payment of the annual salary increases set forth in section 221-d of the Judiciary Law during his three-year term of office. An analysis of the factual background as well as the statutory and constitutional history must be undertaken to resolve this conflict.
By Local Law No. 2, enacted on April 17, 1975, the Ontario County Board of Supervisors exercised the option available to it under subdivision 8 of section 700 of the County Law to declare the office of District Attorney a full-time position.[2] The full-time designation for the District Attorney position enabled the county to participate in the State aid provisions of subdivision 10 of section 700 of the County Law whereby it receives $10,000 per year from the State toward the District Attorney’s salary.[3] Local Law No. 2 became effective on January 1, 1976, at the same time the petitioner commenced his first term of office. Petitioner was elected to his second term of office in November, 1976, which term commenced on January 1,1979 and will expire *199 on December 31,1981. At the commencement of his second term of office, petitioner’s salary was set at $36,000 per year, which amount he continues to receive.
Since the District Attorney’s salary is paid by the county, except for the $10,000 State aid contribution, the salary should be fixed by the county pursuant to section 201 of the County Law. Section 201, which was passed in 1950 and most recently amended in 1967, provides: “Notwithstanding the provisions of any general law other than this chapter or of any special law to the contrary, each board of supervisors shall fix the salary of all officers paid from county funds, except the members of the judiciary. (Emphasis added.)”
By section 183-a of the Judiciary Law, which was passed in 1972 and amended in 1974 to include District Attorneys which had been designated as full time pursuant to the provisions of subdivision 8 of section 700 of the County Law, the Legislature established the compensation of full-time District Attorneys as equivalent to that of either Supreme Court or County Court Judges, depending on the size of the county. In essence, section 183-a of the Judiciary Law with its reference to subdivision 8 of section 700 of the County Law, established three classes: (1) counties with a population in excess of 500,000, exclusive of New York, Bronx, Kings, Queens, and Richmond Counties, whose District Attorneys’ salaries are equivalent to that of a Supreme Court Justice; (2) counties with a population of more than 100,000 and less than 500,000, exclusive of Richmond County, whose District Attorneys receive compensation equal to that of the County Court Judge; and (3) counties with a population of more than 40,000 but less than 100,000 that have designated their District Attorneys as full time whose District Attorneys receive compensation equivalent to that of a County Court Judge.[4]
*200 Clearly, section 201 of the County Law, which places the authority to establish the District Attorney’s salary in the county, and section 183-a of the Judiciary Law, wherein the Legislature establishes the District Attorney’s salary, are in conflict. Since the two statutes cannot be reconciled, it must be inferred that the Legislature intended to repeal the provisions of section 201 of the County Law regarding District Attorneys’ salaries when it passed section 183-a of the Judiciary Law. Such a result is not lightly achieved, however, since repeals by implication are not favored and will be resorted to only when there is no other fair or reasonable construction. (Matter of Board of Educ. v Allen, 6 NY2d 127; County of Saratoga v Saratoga Harness Racing Assn., 4 NY2d 622; Cimo v State of New York, 306 NY 143; People v Smith, 69 NY 175.) In light of the inconsistency between the two statutes, the later statute, section 183-a of the Judiciary Law, must be deemed to control. (People ex rel. Bronx Parkway Comm. v Common Council & Bd. of Estimate & Apportionment of City of Yonkers, 229 NY 1; Lyddy v Long Is. City, 104 NY 218.)
Having concluded that section 183-a of the Judiciary Law is the controlling statute, the validity of that statute must next be addressed. Under the home rule provisions of the New York State Constitution, article IX (§ 2, subd [b], par [2]) provides that the State Legislature “[s]hall have the power to act in relation to the property, affairs or government of any local government only by general law, or by special law only (a) on request of two-thirds of the total membership of its legislative body or on request of its chief executive officer concurred in by a majority of such membership, or (b), except in the case of the city of New York, on certificate of necessity from the governor”. The matter of compensation for the District Attorney, who is elected by the citizens of the county and paid with county funds, is clearly a matter concerning the “property, affairs or government” of the county. Thus, for section 183-a of the Judiciary Law to be valid it must either be a general law or a special law passed at the request of two thirds of the county’s legislative body or on request of its chief executive officer or on certificate of necessity from the Governor. Since section 183-a of the Judiciary Law was not passed at *201 the request of the county or on certificate of neccesity from the Governor, the analysis of the validity of section 183-a of the Judiciary Law must focus on whether that statute is a general law.
There is no definite rule or guideline for determining whether a statute is general or special, but each determination must be made on its particular circumstances. (Farrington v Pinckney, 1 NY2d 74, 78, and cases cited therein.) The respondent county notes that article IX (§ 3, subd [d], par [1]) of the New York State Constitution defines a general law as “[a] law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages.” It is the county’s contention that section 183-a of the Judiciary Law does not fit within this definition of a general law since it specifically excludes five counties (New York, Bronx, Kings, Queens, and Richmond), specifically includes Essex County, which has a population under 40,000, has no application to the nine counties which have less than 40,000 inhabitants (Greene, Hamilton, Lewis, Orleans, Schoharie, Schuyler, Seneca, Wyoming and Yates), and would not apply to the counties with populations of40,000 to 100,000 that have not chosen to designate the District Attorney’s office as full time. While the county correctly notes that section 183-a of the Judiciary Law does not fall within the strict constitutional definition of a general law, its position fails to consider the case law interpreting the constitutional language.
It is well established that a law may be considered general even though it applies only to a particular class or classes as long as there is a reasonable basis for the classification system and the subject matter of the legislation is of sufficient importance to the State generally. (Farrington v Pinckney, supra; Robinson v County of Broome, 195 Misc 24, 30; St. John v Andrews Inst. for Girls, 191 NY 254; Kittinger v Buffalo Traction Co., 160 NY 377; People v Dunn, 157 NY 528; Matter of Henneberger, 155 NY 420; Ferguson v Ross, 126 NY 459, 464-465; Matter of Church, 92 NY 1.) The population based classification system of section 183-a of the Judiciary Law seeks to separate the small and middle-sized counties from the *202 large counties. This classification is reasonable as it recognizes that the prosecutorial needs and financial capacities of counties vary in accordance with their populations. (See Farrington v Pinckney, supra, pp 80-91.) The only unreasonable aspect of the classification system is the specific inclusion of Essex County in the category of medium-sized counties with full-time District Attorneys. That aspect alone, however, is not sufficient to render section 183-a of the Judiciary Law a special law.
The statute also meets the criteria of a general law that the subject matter be of interest to the State generally. The State has an interest in ensuring that its laws are enforced in the most effective and efficient manner. Providing full-time District Attorneys and adequate compensation in order to attract competent and qualified people to serve as District Attorneys are reasonable methods of effectuating this State concern. Thus, superficially, section 183-a of the Judiciary Law meets the criteria of a general law and is a legitimate exercise of the Legislature’s authority in this area.
While the Legislature may usurp the power of the county to establish the District Attorney’s salary by general law, the compensation provisions of that law must have a reasonable basis. There is a presumption that every statute is constitutional and that the Legislature has investigated the subject and acted with reason. (Montgomery v Daniels, 38 NY2d 41; Matter of Malpica-Orsini, 36 NY2d 568; I.L.F.Y. Co. v Temporary State Housing Rent Comm., 10 NY2d 263, app dsmd 369 US 795.) While the compensation plan of paying certain District Attorneys the same as County Court Judges may have been reasonable when section 183-a of the Judiciary Law was passed, subsequent changes in the court structure have rendered that compensation plan unreasonable.
At the time section 183-a of the Judiciary Law was passed, County Court Judges were under the jurisdiction of the county. The County Court Judge’s salary wás established by section 182-a of the Judiciary Law which provided that the County Court Judge for Ontario County was to receive a salary of $25,000 per year together with such *203 additional compensation as the respective boards of supervisors of the county might provide by local law.[5] The county was responsible for the payment of the salaries of the County Court Judge and the District Attorney.
On April 1, 1977 the Uniform Court Budget Act took effect providing that County Court Judges would thereafter be State employees with their compensation paid by the State. (Judiciary Law, § 220; L 1976, ch 966.) Section 221-d of the Judiciary Law and section 14 of chapter 881 of the Laws of 1980 set the salary schedule for the Ontario County Court Judge as follows:
Effective October 1, 1978 $38,520
Effective April 1, 1979 $42,520
Effective October 1, 1979 $45,496
Effective October 1, 1980 $48,000
Effective October 1, 1981 $50,400
Section 221-d of the Judiciary Law, which does not provide uniform salaries for all Judges of the same court, was declared unconstitutional in Cass v State of New York (109 Misc 2d 107). By that decision, all County Court Judges would be entitled to receive retroactive pay increases equivalent to the salary of the highest paid County Court Judge. Under the Cass decision, the salary schedule of the Ontario County Court Judge, and the pay scale which the petitioner has requested to be applied to him, is as follows:
Effective October 1, 1978 $52,428
Effective April 1, 1979 $52,428
Effective October 1, 1979 $56,098
Effective October 1, 1980 $58,000
Effective October 1, 1981 $60,900
The compensation scheme of section 183-a of the Judiciary Law cannot be upheld as it does not give consideration to the differing duties and responsibilities of County Court Judges and District Attorneys nor does it allow for any meaningful accommodation of each county’s particular sit- *204 nation. In reaching the decision that all County Court Judges in the State are entitled to the same compensation, the Cass opinion (supra, p 113) noted that “in a unified court system where Judges are routinely transferred outside their districts for up to six months at a time, and artificial local boundaries are to be ignored with respect to the allocation of money, it serves no legitimate governmental purpose for Judges of the same courts with identical constitutional jurisdiction and duties to be paid unequally.” This same rationale does not apply to District Attorneys.
District Attorneys are not required to travel and their functions are performed within the limited arenas of their respective counties. The duties, responsibilities and caseloads of a District Attorney vary from those of a Judge and from those of his counterparts in other counties. While a District Attorney is an officer, of the court and has a responsibility to enforce the laws of the State and to comport himself in a manner befitting that position, a District Attorney is not under the same restrictions nor does he maintain the same status as that of a Judge. For instance, a Judge is required to refrain from participation in political affairs, a restriction which is not placed on District Attorneys. The ultimate decisions must be made by the Judge and that responsibility and position should not be equated legislatively, through salary requirements or otherwise, to that of the person presenting a case to him. In summary, the judicial position is unique, as is the position of District Attorney, and there is no rational basis for referencing the compensation of District Attorneys to that of Judges, especially under the conditions of the Unified Court System.
The changes wrought by the Unified Court System also render any local input and adjustments for local conditions and requirements virtually meaningless. While the statute still allows the locality to pay compensation in addition to that required by statute, the imposition of a $60,900 per year minimum salary as opposed to the $25,000 per year minimum salary which existed when this compensation scheme was first passed, renders it highly unlikely that the localities will exercise this prerogative. Since the base *205 salary requirement is so high, little room is left for adjustment between the salary of the District Attorney in a county of 40,000 and the District Attorney who represents a populace of just under 500,000 — both of whom receive the same, base pay.[6]
In conclusion, the compensation provisions of section 183-a of the Judiciary Law which equate the salaries of certain District Attorneys to those of a County Court Judge lack a rational basis and must be declared unconstitutional. Therefore, the respondent county is not obliged to pay the petitioner in accordance with the salary provisions of that section and section 221-d of the Judiciary Law.
In their briefs, the parties have placed great emphasis on the characterization of District Attorneys as either State officers or local officers. The designation is crucial in determining the applicability of the provision of section 7 of article XIII of the New York State Constitution that: “Each of the state officers named in this constitution shall, during his continuance in office, receive a compensation, to be fixed by law, which shall not be increased or diminished during the term for which he shall have been elected or appointed; nor shall he receive to his use any fees or perquisites of office or other compensation.” The State officers referred to by this section are named at section 13 of article XIII of the New York Constitution and include Sheriffs, County Clerks, District Attorneys, and Registers. Thus, section 7 of article XIII requires that District Attorneys, as State officers, could not receive the annual increases set forth at section 221-d of the Judiciary Law which would occur during their terms of office.[7]
*206 The petitioner has taken the position that he is a State officer and has argued that regardless of this status he is entitled to the salary increases set forth in section 221-d of the Judiciary Law because his salary was mandated by section 183-a of the Judiciary Law which took effect before his term of office commenced. This court cannot accept his argument. Acceptance of such an interpretation would sanction the use of two statutes to circumvent the proscription of section 7 of article XIII.
In connection with its argument that section 183-a of the Judiciary Law is unconstitutional, the respondent county has argued that District Attorneys are local officers. While the point is no longer at issue due to the court’s holding with regard to section 183-a of the Judiciary Law, it is felt that the designation of District Attorneys is sufficiently significant to merit consideration.
Statutory law, case law, and opinions of the Attorney-General and State Comptroller are divergent. For purposes of indemnification, section 2 of the Public Officers Law defines a State officer to include “every officer for whom all the electors of the state are entitled to vote” and a local officer as “every other officer who is elected by the electors of a portion only of the state, every officer of a political subdivision or municipal corporation of the state, and every officer limited in the execution of his official functions to a portion only of the state.” A strict reading of the statute would lead to the conclusion that District Attorneys, who are elected only by the people of the county they serve, should be classified as local officers.
For purposes of tort liability, it has been held that District Attorneys are local officers and that the State has no vicarious liability for the acts of District Attorneys. (Fisher v State of New York, 10 NY2d 60; Whitmore v State of New York, 55 AD2d 745; Ritter v State of New York, 283 App Div 833; cf. Fonfa v State of New York, 88 Misc 2d 343 [Sheriff is a local officer].)
The respondent cites Westchester County Civ. Serv. Employees Assn. v Del Bello (47 NY2d 886) as authority for the position that District Attorneys are local officers. In Del Bello, the Court of Appeals held that the home rule provi *207 sions of section 1 of article IX of the New York State Constitution allow a local government to abolish the office of Sheriff before the expiration of the three-year term established by section 13 of article XIII of the Constitution if undertaken in good faith for the purpose of a governmental restructuring. The respondent argues that if local governments have the right to abolish the office of a constitutional officer, that officer must be considered to be a local officer. Support for the respondent’s interpretation of Del Bello is found in an opinion letter of the Attorney-General which altered and superseded that office’s prior position that District Attorneys are State officers. (1979 Atty Gen [Inf Opns] 259.) In addition, at least one court has held that District Attorneys are local officers and, therefore, are not subject to the proscription contained in section 7 of article XIII. (Matter of Vergari v Shulman, Supreme Ct, Westchester County, Special Term, Sept. 3, 1980.)
While the argument that District Attorneys are local officers and the supporting citations are persuasive, they are not conclusive. It is the conclusion of this court that the office of District Attorney is actually a hybrid. For certain purposes District Attorneys are local officers, as, for example, tort liabilities and indemnification. For purposes of compensation, however, District Attorneys must be considered to be State officers and to be within the proscription of section 7 of article XIII. Support for this characterization of the office can be found in Fisher v State of New York (supra). While the Court of Appeals in Fisher held that a District Attorney is a local officer for purposes of tort liability, in dicta it suggested that the position may actur ally be a hybrid, especially when interpreting the meaning and application of special statutory language. (Fisher v State of New York, supra, pp 62-63.)
Further, if it were held that District Attorneys are local officers on the basis of the Del Bello decision (supra), then all other constitutional officers set forth in section 13 of article XIII would have to be considered to be local officers. Such an interpretation would totally vitiate section 7 of article XIII and would be contrary to well-established principles of construction and authority.
*208 The constitutional history of section 7 of article XIII is set forth in detail in the opinion of the State Comptroller. (Opns St Comp, 79-857 [Feb. 19,1980].) That opinion notes that the office of District Attorney has always been treated by the Constitution as a State office subject to the mandates of section 7 of article XIII. The court finds that history compelling and adopts and agrees with the conclusion that District Attorneys áre State officers for purposes of applying section 7 of article XIII.
This court is not convinced that Del Bello (supra) requires the result advocated by the respondent. Del Bello addressed a very particular and narrow situation and can be held to its facts. The underlying rationale of the decision was that the home rule amendment was intended to give local governments more flexibility and the ability to take steps to make the government and its functions more efficient and responsible. This same reasoning does not apply to the question of compensating State officers. There is a countervailing consideration inherent in section 7 of article XIII that the unbiased performance of State functions should be fostered by the removal of monetary incentives or sanctions during an individual’s term of office. While the court recognizes that abolition of an office can also have political import, it is believed that the-situation addressed in Del Bello was very narrow and that its policy should not be subject to generalization. The Del Bello court was clear to point out that the restructuring involved was undertaken in good faith and that section 13 of article XIII applied to the office not to the individual filling it. The same considerations are not equally applicable to the compensation situation herein and to the interpretation of section 7 of article XIII.
Since it appears that the court in Vergari (supra) did not have the additional and crucial issue of the constitutionality of section 183-a of the Judiciary Law before it, this court declines to follow that decision.

. Section 183-a of the Judiciary Law states: “Notwithstanding any other provision of law, the district attorney of each county having a population of more than five hundred thousand according to the last federal census, exclusive of the counties of New York, Bronx, Kings, Queens and Richmond, shall receive an annual salary equivalent to that of a justice of the state supreme court together with such additional compensation as the legislative body of such county may provide by local law. Further, that the district attorney of each county having a population of more than one hundred thousand and less than five hundred thousand according to the last federal census, exclusive of the county of Richmond, and the district attorney of any county, the board of supervisors of which has designated such office as a full-time position pursuant to subdivision eight of section seven hundred of the county law, shall receive an annual salary equivalent to that of county judge in the county in which the district attorney is elected or appointed, together with such additional compensation as the legislative body of such county may provide by local law.”

. Subdivision 8 of section 700 of the County Law states: “The district attorney of a county having a population of more than one hundred thousand according to the last federal census and the district attorney of Essex county and any county having a population of more than forty thousand but less than one hundred thousand according to the last federal census, the board of supervisors of which has designated such office as a full-time position, shall give his whole time to his duties and shall not engage in the practice of law, act as an arbitrator, referee or compensated mediator in any action or proceeding or matter or engage in the conduct of any other profession or business which interferes with the performance of his duties as district attorney.”

. Subdivision 10 of section 700 of the County Law provides: “There is hereby established a program of state aid to all counties having a population of more than one hundred thousand according to the last federal census, to any county, the board of supervisors of which has designated the office of district attorney as a full-time position pursuant to subdivision eight of this section and to the city of New York for the salaries of district attorneys of such counties and the counties within such city at the rate of ten thousand dollars per annum. No such state aid shall be paid with respect to any district attorney who has not complied with subdivision eight of this section.”

. A possible fourth class has been added due to the 1978 amendment of subdivision 8 of section 700 of the County Law, wherein the District Attorney of Essex County was specifically designated as full time. The salary of the Essex County District Attorney would be equivalent to that of a County Court Judge.

. Section 182-a of the Judiciary Law took effect on January 1, 1966. It was later repealed, effective June 3, 1975, by section 183 of the Judiciary Law. Section 220 of the Judiciary Law subsequently repealed and replaced section 183 of the Judiciary Law. Section 220 of the Judiciary Law took effect April 1, 1979 with retroactive effect.

. While the Legislature has provided for increases in the District Attorney’s base salary level, it has not raised the $10,000 amount which the State contributes toward the payment of this salary. When Ontario County decided to create a full-time District Attorney’s office, the State aid covered 40% of that salary. At the 1981 salary level, the State aid covers only about 17% of the District Attorney’s salary. This change could potentially cause counties such as Ontario County to re-evaluate their decisions to have a full-time District Attorney. Such a result would be contrary to the very purpose of section 183-a of the Judiciary Law.

. The variant provisions of sections 183-a and 221-d of the Judiciary Law and section 7 of article XIII can be reconciled by the interpretation that the District Attorney’s salary is to be set as equal to the County Court Judge’s salary at the commencement of the District Attorney’s term and remain at that level throughout his term. This interpretation, however, is an artificial accommodation and further serves to point out the questionable validity of section 183-a of the Judiciary Law in light of the court system changes that have occurred since its passage.