OPINION OF THE COURT
Lee Towns Adams, J.
This is a CPLR article 78 proceeding in which the Allegany County District Attorney seeks judgment ordering the board of legislators of the county and the County Treasurer to pay him the minimum salary mandated by the New York State Judiciary Law. The respondent county officials have moved to have the hearing take place in Allegany County. On March 15, 1982 this court heard arguments on the motion to change venue and on the underlying article 78 proceeding. If a hearing were mandated, it should be held in the County of Allegany, since it would be an imposition to require elected officials to travel a substantial distance outside of their municipal subdivision to appear. However, statute (CPLR 506, subd [b]) establishes that venue may be laid in this court with propriety, and, obviously no hearing is required, since no facts are in question. Questions of law only are before this court. Accordingly, the motion to transfer venue is denied; to grant it would only necessitate a reargument, and thus be time wasteful.
*822 The law of the State of New York mandates that full-time District Attorneys be paid certain minimum salaries, depending on the population of the counties. Respondents claim that such mandate does not apply to Allegany County since, they contend, the mandating act, section 183-a of the Judiciary Law, is a special law, not equally applicable throughout the State, and has been superseded by a local law enacted pursuant to section 10 of the Municipal Home Rule Law, which sets its District Attorney’s salary at a lower figure. Section 183-a is not a special law; it applies to all full-time District Attorneys in the State. It may establish different salaries based on the population of the counties and whether or not such counties are in the City of New York, but that does not make it a special law (Farrington v Pinckney, 1 NY2d 74). Section 183-a is a general law as defined in article IX (§ 3, subd [d], par [1]) of the Constitution of the State. Allegany County’s Local Law attempting to amend section 183-a is invalid.
Respondents, however, claim that one must read the Judiciary Law in conjunction with subdivision 8 of section 700 of the County Law which requires that District Attorneys be full time in counties with a population of over 100,000, and permits counties with a population of under 100,000 but over 40,000 to choose to make the position full time. In 1978 the Legislature amended such section to allow Essex County, with a population of but 34,631, to choose to make its District Attorney a full-time officer. That amendment does not require the County of Essex to do anything: it is permissive. If it be unfair, it is unfair to the three other counties whose populations fall in the 30,000-40,000 range. That amendment does not effect the statutory compensation scheme established in section 183-a.
But, the respondents say, the District Attorney is a local official, and his salary is a matter of not State but local concern. They further claim that any impairment of the power of the local legislature to act concerning its local matters can be valid only if enacted by two successive Legislatures (NY Const, art IX) and that this contested section was not so enacted. They are wrong; the salary of the District Attorney is not a local matter. Crime knows no *823 boundaries. Effective fighting of crime in one county inures to the benefit of the whole State. Criminals, moreover, are mobile, and do not confine their activities within political boundaries. To paraphrase John Donne, no county is an island unto itself.
That payment of a sufficient salary is an important factor in attracting able and competent officials is obvious. Surely the Legislature of the State owes a duty to all the people of the State to see that criminals are prosecuted by able lawyers. If a jurisdiction in which the law does not mandate a full-time District Attorney decides to require its District Attorney to give up his private practice income, it must remunerate him and set the salary high enough to attract competent lawyers. The Legislature has seen fit to determine the minimum sufficient salary. That is its responsibility to all its citizens.
Respondents further cite Matter of Harvey v Finnick (111 Misc 2d 197) and allege flatly that section 183-a is unconstitutional. Those who allege that a statute is unconstitutional must demonstrate such fact beyond a reasonable doubt (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, p 320), and every presumption is in favor of its validity (McKinney’s Statutes, p 314). “A statute should not ordinarily be set aside as unconstitutional by a court of original jurisdiction unless such conclusion is inescapable.” (McKinney’s Statutes, p 312.) That at least two Justices (Honorable Willard W. Cass, Jr., and Honorable Henry J. Scudder) have found this section to be constitutional would indicate that it is not an inescapable conclusion that it is unconstitutional.
It was not an arbitrary act on the part of the Legislature to insist that full-time District Attorneys make at least as much as the Judges before whom they practice. It is an unfortunate fact of life and law that most competent trial attorneys make more money than the Judges before whom they practice. That the variation and disparity amongst County Judges’ salaries as established by the Legislature is irrational, unfair, and probably unconstitutional, does not invalidate this section requiring District Attorneys who practice mainly before County Judges to make as much as those Judges. The local legislative body has the *824 power to appropriate additional moneys for the District Attorney in those counties where the County Judge’s pay is woefully inadequate.
The respondents have not succeeded in sustaining their heavy burden of proof that section 183-a is unconstitutional, for “It is well-settled law that a legislative distinction will not be set aside if any state of facts reasonably justifies it” (People v McNair, 46 AD2d. 476, 482, citing McGowan v Maryland, 366 US 420). The petitioner may have judgment for the relief demanded.