(November 9, 1993)

■ GEORGYA MORRIS, Appellant, v CITY OF NEW YORK, Respondent. [603 NYS2d 463] —Order of the Supreme Court, New York County (Alice Schlesinger, J.), entered on March 27, 1992, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, reversed, on the law, the motion denied and the complaint reinstated, without costs.

The complaint seeks damages from the City of New York for personal injuries allegedly resulting from an assault allegedly committed by an Assistant District Attorney employed by the District Attorney, New York County. The assault allegedly occurred at 80 Centre Street while plaintiff was on duty as a court officer. The complaint alleges that the assault was in the course and scope of the Assistant's employment, but only the City of New York is named as a defendant. The first cause of action seeks to hold the City liable on the theory of respondeat superior. The second cause of action alleges negligent hiring, supervision and retention of the Assistant.

The motion court granted the City's motion to dismiss the complaint on the ground that the District Attorney and Assistant District Attorneys are not agents or officials of the City of New York, and therefore the City cannot be held liable for their intentional torts. The motion court reasoned that liability on the part of the City would have to be on the theory of respondeat superior, and that because the City does not have the power to control the manner in which the District Attorney performs constitutional and statutory duties, respondeat superior liability could not attach. The court acknowledged but discounted the fact that the District Attorney is a "local officer" pursuant to section 2 of the Public Officers Law, and that the City pays the salary of the District Attorney and Assistants. The motion court relied on *Fisher v State of New York* (10 NY2d 60), which involved a claim against the State of New York for damages by a person who was wrongfully convicted as a result of an Assistant District Attorney tortiously presenting falsified evidence. The Court of Appeals, after reviewing the history of the status of District Attorneys in New York, held that they are not State officers but officers of the County in which they serve. Accordingly, the Assistant District Attorney whose alleged tortious conduct is at issue is an agent of the County of New York, and the complaint states a valid cause of action against the City of New York *(see, Ritter v State of New York,* 283 App Div 833). Concur—Murphy, P. J., Rosenberger, Kassal and Nardelli, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm the determination dismissing the complaint, but with leave to replead.

For the City of New York to be liable, the acts must have been within the scope of employment *(Cornell v State of New York,* 46 NY2d 1032).

All the plaintiff alleges is that on the day of the incident

both she, a court officer, and the alleged attacker, an Assistant District Attorney, were present at 80 Centre Street, he in the course and scope of his employment with the District Attorney's office, and that he "intentionally, maliciously, violently and wantonly struck, battered, harassed and verbally and physically abused" her.

The situation seems so bizarre that it, at the very least, should be fleshed out in the complaint before the cause of action can be considered sufficiently pleaded to bring it within the "scope of employment".

[The unpublished decision and order of this Court entered on August 26, 1993 is hereby recalled and vacated. *(See,* 197 AD2d 478.)]