■ CLAUDE H., Appellant, v COUNTY OF ONEIDA et al., Respondents, et al., Defendant. (Action No. 1.) CLAUDE H., Appellant, v UTICA CITY POLICE DEPARTMENT et al., Defendants, and COUNTY OF ONEIDA et al., Respondents. (Action No. 2.) [626 NYS2d 933] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On June 4, 1991, plaintiff was arrested for having caused the death of a child. According to plaintiff, he was taken into police custody and detained without a warrant at the direction of the Oneida County District Attorney, held against his will, and threatened, beaten and coerced into giving a statement to the police. While in custody awaiting trial, plaintiff allegedly was sexually assaulted by an AIDS-infected inmate. In August 1992 plaintiff was acquitted of all charges.

In October 1991 plaintiff commenced an action (action No. 1) against defendants County of Oneida (County), Oneida County Correctional Facility (Correctional Facility), Gerald Washburn, Oneida County Sheriff (Sheriff), and the inmate at the Correctional Facility who had allegedly assaulted him. Plaintiff alleged, inter alia, that the criminal charge for which he was arrested and confined was false and that the County, the Correctional Facility and the Sheriff knew or reasonably should have known that the inmate who attacked him was infected with the AIDS virus and had a history of sexual assaults at the Correctional Facility. The complaint alleged causes of action for negligence, assault and battery, "violation of plaintiff's civil rights under [section] 1983 of Title 42 of the United States Code", and "violation of plaintiff's right to due process under the Constitution of the United States and of the State of New York."

After his acquittal, plaintiff commenced another action (action No. 2) against the County, the Correctional Facility, the Sheriff, the City of Utica, the Utica Police Department, a Utica police officer, and the Oneida County District Attorney, alleging causes of action for false arrest, false imprisonment, malicious prosecution and violation of plaintiff's civil rights under 42 USC § 1983, and violation of plaintiff's right to due process.

Supreme Court denied plaintiff's motion for consolidation and dismissed all causes of action in action No. 2 as against the County, the Correctional Facility and the Sheriff. With respect to action No. 1, the court also dismissed the causes of action against the County for negligence, referred to by the

court as "false imprisonment", and assault and battery. On appeal, plaintiff does not seek reversal of the dismissal of the causes of action for negligence and assault and battery against the County in action No. 1, nor does plaintiff contest the dismissal of the malicious prosecution cause of action against the County, the Correctional Facility and the Sheriff in action No. 2.

In action No. 2, plaintiff alleges that the District Attorney directed the police to arrest and detain him without a warrant; that plaintiff, an individual of limited mental ability, had not been indicted for any crime by a Grand Jury at the time of his arrest; that the coroner had instructed the police not to bring charges or to arrest anyone until he had completed his examination into the cause of the child's death; that, notwithstanding the coroner's instructions, the District Attorney instructed the Police Department to arrest plaintiff; that, because of information supplied by various witnesses, defendants should have known that plaintiff did not commit the crime; that the District Attorney directed the Utica Police to arrest him without "just reason"; and that plaintiff had been acquitted of all charges in connection with the child's death. On this motion to dismiss, we deem those allegations to be true *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 634).

A prosecutor is afforded absolute immunity for actions undertaken in his quasi-judicial role, i.e., those actions taken in "preparation for the initiation of a prosecution or for judicial proceedings" *(Buckley v Fitzsimmons,* 509 US —, —, 113 S Ct 2606, 2615; *see, Sher v Pellicano,* 203 AD2d 273, 273-274; *Rosen & Bardunias v County of Westchester,* 158 AD2d 679, 680, *lv denied* 76 NY2d 703, *rearg denied* 76 NY2d 889, *cert denied sub nom. Bardunias v County of Westchester,* 498 US 1086; *Minicozzi v City of Glen Cove,* 97 AD2d 815, 816). Where a prosecutor goes outside his quasi-judicial role, however, and acts as an investigator or police officer, he is entitled only to qualified immunity *(Burns v Reed,* 500 US 478, 491-496; *Rodrigues v City of New York,* 193 AD2d 79, 85; *Cunningham v State of New York,* 71 AD2d 181, 183). The complaint alleges that the District Attorney was acting in an investigative, law-enforcement role when he directed the police to arrest plaintiff. Under those circumstances, the District Attorney would be "afforded only the same immunity granted to those acting in a similar capacity" *(Cunningham v State of New York, supra,* at 183). Having donned the policeman's uniform, the District Attorney would no longer enjoy absolute immunity.

The contention that the District Attorney is not a County officer and that the County may not, therefore, be held vicariously liable for his acts is without merit. It is well established that a District Attorney is a local officer of the county *(Morris v City of New York,* 198 AD2d 35, 36; *Drake v City of Rochester,* 96 Misc 2d 86, 95-96, *affd for reasons stated in decision at Special Term, Pine, J.,* 74 AD2d 996) rather than of the State *(Fisher v State of New York,* 10 NY2d 60, 61; *Whitmore v State of New York,* 55 AD2d 745, 746, *lv denied* 42 NY2d 810; *Ritter v State of New York,* 283 App Div 833, 833-834). The County's reliance upon *Baez v Hennessy* (853 F2d 73, *cert denied sub nom. Baez v County of Onondaga,* 488 US 1014) is misplaced. *Baez* did not hold that the District Attorney is not a county officer but, rather, held that the District Attorney represents the State when prosecuting a criminal action *(Baez v Hennessy, supra,* at 77; *see, Matter of McGinley v Hynes,* 51 NY2d 116, 123, *rearg denied* 51 NY2d 1009, *cert denied* 450 US 918). In *Baez,* the Second Circuit concluded that the county could not be held liable under the doctrine of respondeat superior when a prosecutor uses improper methods to obtain an indictment because the county does not establish policy with respect to the way in which the prosecutor should prosecute violations of the Penal Law when acting in his official capacity *(Baez v Hennessy, supra,* at 77). That result is in accord with New York law *(see, e.g., Johnson v Town of Colonie,* 102 AD2d 925, 926). Further, *Baez* was decided in the context of a section 1983 action and the rules that govern the vicarious liability of a municipality thereunder do not apply in common-law actions for false arrest and false imprisonment.

Because of the District Attorney's potential liability, the County may be held vicariously liable *(see, Morris v City of New York, supra; Drake v City of Rochester, supra).* The first cause of action against the County for false arrest and false imprisonment in action No. 2 is, therefore, reinstated.

Plaintiff does not contend that the Correctional Facility or the Sheriff is liable for plaintiff's alleged arrest, but only that they are potentially liable for his false imprisonment. The allegations against the Sheriff and Correctional Facility in the cause of action for false imprisonment, however, except for the designation of that action, are identical to the allegations in the cause of action for negligence in action No. 1 *(see,* CPLR 3211 [a] [4]). Plaintiff's single allegation in action No. 2, that after his arrest he was continuously imprisoned against his will by defendants in the County Jail until August 31, 1992,

does not alone state an independent cause of action against the Sheriff and the Correctional Facility *(see generally,* 59 NY Jur 2d, False Imprisonment, § 11). Therefore, the cause of action against the Sheriff and the Correctional Facility in action No. 2 was properly dismissed as duplicative.

In action No. 2, the court erred in dismissing the third cause of action against the County for violation of plaintiff's civil rights under 42 USC § 1983. That cause of action was not duplicative of the cause of action for violation of civil rights in action No. 1. In action No. 1, the cause of action for violation of civil rights is based upon allegations that the Sheriff and the Correctional Facility were negligent with respect to the alleged sexual assault of plaintiff. In action No. 2, the cause of action for violation of civil rights is based upon plaintiff's alleged false arrest and false imprisonment by the Utica Police under the direction of the District Attorney. Because the allegations in action No. 2 are necessary to support the action of plaintiff against the County for violation of his civil rights resulting from his false arrest and false imprisonment, we reinstate the third cause of action in action No. 2 against the County. We do not reinstate the fourth cause of action in action No. 2 because it does not state a cause of action under the common law.

Finally, because the cause of action for false imprisonment in action No. 2 was properly dismissed against the Sheriff and the Correctional Facility, the cause of action for violations of plaintiff's civil rights based upon false imprisonment in action No. 2 was also properly dismissed against those defendants.

We, therefore, modify the judgment on appeal by reinstating plaintiff's first and third causes of action in action No. 2 against the County. (Appeal from Judgment of Supreme Court, Oneida County, Shaheen, J.—Dismiss Causes of Action.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.