■■■ EDWARD SWAIN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 100137.) (Appeal No. 1.) [741 NYS2d 788] —Appeal from an order of the Court of Claims (Collins, J.), entered October 20, 2000, which denied claimant's motion to amend the claim.

■■■ EDWARD SWAIN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 100137.) (Appeal No. 2.) [741 NYS2d 788] —Appeal from a judgment of the Court of Claims (Collins, J.), entered July 25, 2001, which dismissed the claim after trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In November 1993 claimant was convicted after a jury trial of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). Appellate counsel was assigned by the Appellate Division, Third Department, pursuant to County Law § 722. Counsel, however, did not perfect the appeal prior to claimant's release on parole in October 1996, and counsel was replaced by the Court in February 1997. The second assigned counsel perfected the appeal and claimant's judgment of conviction was reversed and the indictment dismissed in July 1997 based upon the legal insufficiency of the trial evidence (People v Swain, 241 AD2d 695). Claimant thereafter presented a claim against the State pursuant to Court of Claims Act § 8-b seeking damages allegedly resulting from his unjust conviction and imprisonment.

The Court of Claims properly denied the motion of claimant for permission to amend the claim to add a cause of action for

negligence arising from the alleged derelictions of his first assigned appellate counsel and for late claim relief. Assigned counsel was not an officer or employee of defendant and thus defendant cannot be held liable for his alleged malpractice (*see* § 10 [3]; *Murph v State of New York,* 105 Misc 2d 684, 686). Nor may the State be held liable for the alleged negligence of the Appellate Division, Third Department, in failing to furnish competent and diligent appellate counsel, monitor and supervise counsel's activity or replace counsel promptly when he failed to perfect claimant's appeal. The Court has inherent power to assign counsel for an indigent defendant (*see People v Ward,* 199 AD2d 683, 684; *Matter of Stream v Beisheim,* 34 AD2d 329, 333), and the allegedly negligent acts of the Court and its clerks in connection with the assignment are cloaked with judicial immunity (*see Weiner v State of New York,* 273 AD2d 95, 96-98; *Welch v State of New York,* 203 AD2d 80, 81).

The court also properly dismissed the claim following trial. Claimant did not meet his burden of proving by clear and convincing evidence that he "did not commit any of the acts charged in the accusatory instrument" (§ 8-b [5] [c]; *see Groce v State of New York,* 272 AD2d 519, 520; *Vasquez v State of New York,* 263 AD2d 539, 539-540, *lv denied* 94 NY2d 754). Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Kehoe, JJ.