Mack v City of New York (2018 NY Slip Op 06627)





Mack v City of New York


2018 NY Slip Op 06627


Decided on October 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2018

Friedman, J.P., Sweeny, Kapnick, Gesmer, Singh, JJ.


7238 452586/15

[*1]Ivy J. Mack, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Queller, Fisher, Washor, Fuchs & Kool, LLP, New York (Jonny Kool of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered May 18, 2017, which granted defendants' motion for leave to amend their answer to assert a defense based on the exclusivity provisions of the Workers' Compensation Law and to dismiss the complaint based on that defense, unanimously affirmed, without costs.
Plaintiff was injured when she tripped and fell on a raised carpet while entering the building where the offices of the New York County District Attorney are located. Plaintiff, who was employed as a secretary for the District Attorney at the time of the accident, applied for and received Workers' Compensation benefits, which were paid by the City.
The court providently exercised its discretion in granting defendants leave to amend the answer to assert the affirmative defense, since leave to amend is freely given and plaintiff did not show any prejudice (CPLR 3025[b]; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]).
Plaintiff's claims were properly dismissed based on the exclusivity provisions of the Workers' Compensation Law because employees of the New York County District Attorney's office are considered employees of the City of New York (see Morris v City of New York, 198 AD2d 35 [1st Dept 1993]; Workers Compensation Law §§ 11, 29; see also Public Officer's Law § 2; Administrative Code of the City of New York, § 7-110). Furthermore, employees of the District Attorney's office, including plaintiff, are paid by the City of New York (Morris, 19 AD2d at 36), and the City actually paid plaintiff's Workers' Compensation benefits.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 4, 2018
CLERK